*Litchfield,*
June
1827.

Clark
*v.*
Beach,

—◦◆◦—

CLARK and others *against* WARNER and another.

In pleas in abatement, great strictness is reasonably required ; as they are generally dilatory, and entitled to no indulgence.

Therefore, where a plea in abatement of an appeal from probate, taken by *A.* and *B.*, parties to the decree, stated generally, that the appellants were not jointly interested in the decree, but severally, and that *B.* was interested only in opposition to *A.*, without disclosing any matter to shew that they were not jointly interested in procuring a disaffirmance of the decree ; it was held, that such plea was insufficient.

*Litchfield,*
*June,*
*1827.*

Clark
*v.*
Warner.

So, where a plea in abatement of an appeal from probate, described the persons making the plea, thus—" *D.* and others, father and natural guardian of *C.* and others, his children, and heirs at law of *C.* deceased, and *F.* and *G.* also heirs at law of *C.* deceased," without averring the minority of *E.*, or naming the " others ;" it was held, that such plea was insufficient.

A plea in abatement of an appeal from probate, must shew how the appeal should have been taken.

It is no ground of abatement, that an appeal from probate embraces two or more decrees.

A father, in 1803, opened an account with his son *A.*, headed thus : " *A.*, my Son, Dr.   The following articles that may be charged, are to go towards his portion."   The account continued until the 3d of *Febuary,* 1820, when the charges against *A.* amounted to 1046 dollars.   On the 4th of *January,* 1823, and under that date, the father wrote on the credit side of the book, thus : "To the contrary, by a gift, I balance my son *A's.* account."   He also wrote, at the same time, and under the same date, under the charges, and on the same page, thus : " The above account I discharge, by gift."   In the same account book, he made similar entries against his son *B.*, in which he stood charged with 782 dollars, and credited in the same manner.   Held, that the sums so charged to *A.* and *B.* were advanced portions.

This was an appeal from probate.   The court of probate for the district of *Sharon,* charged in the settlement of the estate of *Nathaniel Clark,* sundry sums as advanced to several of his children, and directed a deduction thereof from the distributive shares of the children so advanced, in conformity with the provisions of the 30th section of statute, *tit.* Estates. These advancements were adjudged to have been made as follows, *viz.* to *Nathaniel C. Clark,* 1046 dollars ; to *Nehemiah Clark,* 782 dollars ; to *Elizabeth Warner,* 230 dollars, 58 cents ; and to *Sarah Merwin,* 198 dollars, 83 cents.   From a decree of the court of probate, made on the 12th of *August,* 1826, in which these sums were charged as advancements, *Nathaniel C.* and *Nehemiah Clark* appealed to the superior court, and at *February* term, 1827, appeared to prosecute their appeal. *Henry D. Warner* and others, describing themselves " fathers and natural guardians of *Noadiah Warner* and others, his children, and heirs at law of *Nathaniel Clark,* deceased, and *Augustus* and *Judson Warner,* also heirs at law of said *Nathaniel Clark,* deceased," pleaded in abatement of the appeal, alleging two reasons : 1st, that the appellants were not jointly interested in the decree appealed from, but severally, and that *Nehemiah Clark,* one of the appellants, was interested only in opposition to the other appellant, *Nathaniel C. Clark* ; 2ndly, That the appeal was taken from distinct decrees of the court of

probate, charging different sums to the children and heirs of the deceased.

The judge, at the circuit, reserved the question of law arising on this plea in abatement for the consideration of this Court, and, at the same time, found the facts stated in the reasons for the appeal, to the end that if the plea in abatement should not prevail, the cause might be settled, by this Court, on a hearing on the merits.

The facts, as found, were these. The deceased *Nathaniel Clark,* had as early as *January,* 1803, begun to make charges in his account book against the appellant *Nathaniel,* beginning the account as follows : " *Salisbury, January,* 1803. *Nathaniel C. Clarke.,* my son, Dr. The following articles that may be charged, are to go towards his portion." The account continued until the 3d of *February,* 1820, and then amounted to 1046 dollars. On the 4th of *January,* 1823, the deceased, then in life, wrote on the page opposite to the account, the credit side of the book, as follows : " *Salisbury, January,* 1823. To the contrary, by a gift, I balance my son, *Nathaniel C. Clark's* account. *N. Clark.*" He also wrote under the charges, and on the same page, as follows : " *Salisbury,* 4th *January,* 1823. The above account I discharge, by gift. *Nathnl. Clark.*" It also appeared, that similar entries were made, in the same account book, against the other appellant, in which he stood charged with 782 dollars, and credited in the same manner.

On these facts the case was reserved for the advice of this Court, as to what judgment ought to be rendered, by the superior court.

*A. Sterling,* for the appellees, contended, 1. That the appellants could not join in the appeal, as their respective interests were not only not joint, but conflicting. Each is necessarily interested to oppose the claim of the other. They will introduce different witnesses, and will examine the same witnesses with different views. Such a practice would produce insufferable confusion. There is no precedent for it, in any analogous proceeding.

2. That if the appellants could join, still they could not embrace distinct decrees in one appeal. The decrees in relation to the several advancements, are several in their nature. *Watson* v. *Hart* and *Perkins,* admrs. 2 *Root,* 59. The decree, by which the party is *aggrieved,* is the only one that he can

appeal from. Now, if *Nathaniel* is aggrieved by the decree establishing the advancement to him, he is not by that which established the advancement to *Nehemiah ;* and so *vice versa.*

3. That the decree of probate was correct upon the facts that appear in the case. The *intention* of the father is the criterion. Now, it is unquestionable, that at the time the several sums were charged against the appellants, he intended they should go as advanced portion ; for this he expressly declared. Then, what is there to show a different intention ? He says that these sums were " *a gift ;*" and he balances the account, by so considering them. This, so far from repelling the evidence of advancement, corroborates it. *Hatch* & al. v. *Straight,* 3 *Conn. Rep.* 31.

*L. Church,* for the appellants, contended, 1. That the plea in abatement could not prevail. First, the plea states no facts to show, that both the appellants are not aggrieved, or have not the same interest. Secondly, the plea is defective for want of a proper description of the parties making it. Thirdly, the plea is defective, as it does not show how the appeal should have been taken. *Wadsworth* v. *Woodford,* 1 *Day* 29. 2 *Conn. Rep.* 381, 2. per *Gould,* J. Fourthly, it is not necessary that all the persons appealing from a decree of probate, should have the same interest in setting it aside. The plaintiffs or defendants in a bill in chancery, may have various, and even conflicting interests ; but it is proper and often necessary, that they should come together before the court, that a decree may be passed, which will do complete justice to all concerned.— Fifthly, if it were shewn by proper averments, that the appeal embraces several decrees, affecting different interests, the appeal would still be sustainable, if those decrees were made in the settlement of the same estate, and were connected. It often happens that one decree depends upon another, in such a manner, that no definite decision can be made in the superior court, without having all the decrees before it. Such, it is believed, has been the practice. *Swan* v. *Wheeler,* 4 *Day* 137. No case can be well imagined, where several decrees are more intimately connected, than in the present.

2. That the decree complained of, ought to be set aside. The act of the deceased in balancing his charges against the appellants, shews, that he did not intend that they should be further accountable in relation to those charges. It evinces a change of purpose ; and is equivalent to a complete discharge.

DAGGETT, J. It does not appear by the record transmitted, whether the facts stated in the plea in abatement were denied ; or whether a demurrer was taken to it ; and in the view which I take of it, it is of no importance.

As to the first objection to the appeal, it seems to me to be insufficient, because, for any thing which appears, the appellants may be jointly interested in procuring a disaffirmance of the decree complained of. If they feel aggrieved, by that decree, on the ground that greater advancements had been made, and ought to have been charged against *Sarah Warner* and *Elizabeth Merwin*, or either of them, then they might well complain : and for aught which appears on the plea or the appeal, such may be the case. The 36th sect. of the stat. *tit. Estates*, p. 208, 9. authorizing appeals, is very broad and extensive : " And if any person shall be aggrieved, by any order, sentence, denial, or decree or judgment, of a court of probate, in the settlement of an estate, such person may appeal therefrom," &c. If the reasons for the appeal, when under consideration, furnish weight to this objection, it may then be differently disposed of.

Again, the parties pleading the matter in abatement, are not properly described. Nothing is said respecting the minority of any who plead by guardian ; nor is there any attempt to shew how the appeal should have been taken. In pleas in abatement great strictness is reasonably required, as they are generally dilatory, and entitled to no indulgence.

2. The second objection, *viz.* that one appeal is taken from distinct decrees, is groundless. To be sure, in *Watson* v. *Hart* & al. 2 *Root*, 59., there is some colour for the objection, although the case does not fully support it. I am, however, satisfied, that the modern and more convenient practice is otherwise. It would be extremely expensive and vexatious to parties, to be obliged to seek a reversal of the various sentences or orders of a court of probate, made in the settlement of an estate, by as many appeals, as there may have been orders, sentences or decrees. The correct course is, to sustain an appeal for as many causes as the party appellant shall see fit to state. The court above gives no judgment, except to affirm or reverse the decree of the court of probate : and it will furnish that court with its reasons, to the end that the court may conform its decisions to the opinion of the higher courts. It is not here intended to suggest, that any appeal may be taken from a de-

*Litchfield,*
*June,*
*1827.*

Clark
*v.*
Warner.

*Litchfield,*
June,
1827.

Clark
*v.*
Warner.

cree passed, against which the time limited by statute for taking an appeal, has run, so as to avoid such limitations, by connecting it with appeals from decrees of more recent date. *Vide* 2 *Root* 74.

The plea in abatement being thus settled, I am brought to consider the reasons of the appeal; and the facts found by the superior court in support of it.

It is quite clear, that the articles comprising the account, were delivered and charged as part portion. Such is explicitly declared by the intestate; and had there been nothing else in the case, it would have been impossible to raise a question. The whole doctrine of advancements, according to our usages, supports this idea.

The entries by the deceased in relation to these accounts, *viz.* that they were discharged and balanced, give rise to the present enquiry. In my opinion, those entries do not, in any degree, vary the case. If they are to receive their greatest possible operation, they would have the effect only of a gift, by the father, to these children ; and in that view, according to the doctrine of this Court, in *Hatch* & al. v. *Straight,* 3 *Conn. Rep.* 31. they must be deemed advancements. Gifts thus made are presumed to be advancements.

But the entries made and relied on, by the appellants, cannot overthrow this presumption. Had the deceased explicitly declared, that they were not to be deemed advancements, or part portion, the case might have been different. But his entries are not to this effect. They seem to me, merely to pursue his intentions, expressed when he made the charges. They were not to stand against the children as *debts*, but as *gifts ;* and gifts too, towards their portions.

In this view of the proof, I would advise the superior court, that the appeal do not abate, but that the issue in fact be found in favour of the appellees, and that the judgment of the court of probate complained of, be affirmed.

Hosmer, Ch. J. was at first inclined to the opinion, that the plea in abatement must prevail, on the ground that the appellants had no joint interest : The same persons were not aggrieved, by the same decree. But after further deliberation, he became satisfied, that the plea could not be sustained. On the other point, he concurred, without hesitation.

Peters and Lanman, Js. concurred.

Brainard, J. was absent.

Plea in abatement over-ruled; and Decree of probate to be affirmed.