MARGARET WHISLER *et al.* v. J. M. WHISLER *et al.*,
Appellants.

Book Entries of Decedent: *Admissible to show advancement in partition.* Book entries of advancements made by a testator are admissible in partition to divide his estate pursuant to his will, taking into consideration advancements received by his children.

1

*Such entries do not permit personal transactions with decedent to be shown.* The admission of book entries of advancements made by a testator does not render his children competent to

testify to such advancements, in partition to divide his estate pursuant to his will, taking into consideration advancements received by them; such evidence not being testimony of the deceased, within Code, section 4604, permitting interested witnesses to testify to transactions with a decedent where the latter's testimony is admitted in evidence.

*Appeal from Appanoose District Court.*—HON. M. A. ROBERTS, Judge.

SATURDAY, APRIL 12, 1902.

HENRY Whisler died testate in Appanoose county. By the terms of his will he left his real estate to his wife, Margaret, for life, and directed that at her death the property be sold, and the proceeds divided equally between his children, taking into consideration advancements received by them. The widow elected to take her portion under the statute instead of accepting the benefits of the will. This action was begun in equity to partition the lands, and by suitable pleadings and consent of parties the question of the amounts chargeable to the several heirs as advancements was also submitted to the court for settlement. To the judgment entered in this respect, three of the sons of the testator object, claiming that they have been overcharged, one by the sum of $200, and another by the sum of $120, and the third by the sum of $15, and they bring the case to this court for review.—*Affirmed.*

*C. F. Howell* and *C. H. Elgin* for appellants.

*Mabry & Payne* for appellees.

WEAVER, J.—That Henry Whisler did make advancements to his children is conceded by all parties, and the only dispute before us is upon the amount with which each should be charged on that account. Upon the trial a book purporting to have been kept by the testator in his lifetime, and containing an account or statement of advancements made by him to his children, was

produced, its authenticity or ident ty fairly established, and admitted in evidence. The appellants insist very strenuously that the book is ihadmissible, and that without it the finding of the trial court cannot be sustained. The entries or memoranda in question are not of a very formal character, and indicate the writer to be a somewhat illiterate man, but their meaning is entirely clear. They show that the testator kept an account of the advancements claimed to have been made to each of his eight children. Most of these accounts harmonize in large part with the conceded fact that their father made several distributions of money and property among his sons and daughters, and that it was his purpose to help each to the amount of about $1,000. The widow testifies that her husband kept the book, that she often saw him using it, and that he at times read to her the entries made. The children each admit receiving substantially the several items charged to them in these accounts, excepting the three items here in dispute. The book is therefore not without corroboration, and, under all the circumstances, we think it was properly admitted. Its admissibility does not necessarily turn upon its being identified according to the ordinary rule for the use of books of account in evidence. Neither is it open to the objection made that the entries are in the testator's own favor. On the contrary, the record thus made, when considered in the light of the fact that all the items there entered (except the three in controversy) are admitted to have been intended as advancements is against his interest, rather than in his favor, for it affords evidence which would negative any right on his part to demand from his children any return of or payment for the money and property therein mentioned. Where death has closed the mouth of one party, and the statute forbids the other to be heard, evidence of the most satisfactory character is often lacking, and in such cases courts are disposed to accept the best which is obtainable. It is thus that some

courts have held the books of account of a deceased person admissible without proof as to the time and manner in which the entries offered were made (*Hoover v. Gehr*, 62 Pa. St. 136), though we do not here find it necessary to go to that extent. Book entries of advancements made, when shown to have been made by the ancestor, are evidence both of the fact of advancement and of the intention with which it is given. *VanHouten v. Post*, 33 N. J. Eq. 344; *Clark v· Warner*, 6 Conn. 355; *Christy's Appeal*, 1 Grant, Cas. 369; *Oller v. Bonebrake*, 65 Pa. 338.

II.   The appellants were permitted to testify in their own behalf, and, under objections to their competency as witnesses, related their versions of the transactions had with their father in his lifetime, and denied receiving from him the items here controverted.   The objections were well taken, and the testimony cannot be considered. It is urged that the admission of the book is in effect the admission of the evidence of the father himself, and therefore, under the statute (Code, section 4604), appellants were made competent witnesses as to the transactions which the book tends to establish; but with this contention we cannot agree.   The admission of a receipt, or deed, or contract, or other writing of a deceased person has never, so far as we can ascertain, been held sufficient to admit the testimony of a living witness otherwise incompetent under the statute, and we can see no good reason for establishing such rule as against books and memoranda made by the deceased.   The word "testimony," as used in the statute, has reference to the facts related by a witness under proper oath or affirmation, and, where reference is made to "the testimony of such deceased person," we think the application of the language must be confined to his sworn testimony taken in his lifetime before some court or officer in due form of law.   The case relied upon by appellants as announcing a contrary conclusion (*Marsh v. Brown*, 18 Hun, 319) we do not think

controlling, and, if it goes to the extent claimed for it by counsel, we must decline to follow it. The suggestion of counsel that we have already acknowledged the authority of this precedent is based upon a mistaken reading of the opinion *In Re Brown's Estate*, 113 Iowa, 351. The extent of our reference to it in that case was to point out that the doctrine which it announced was not in point upon the question which we were then considering. It is unnecessary to go into an extended discussion of the evidence.

We think the conclusion arrived at by the district court is correct, and the judgment appealed from is AFFIRMED.