In the Matter of the Will of Sarah E. Winslow, Deceased.

**Appearance of counsel after commencement of trial:** PREJUDICE: DISCRETION. The appearance of additional counsel for the first time in a cause after a jury has been empaneled is not necessarily prejudicial, because depriving the opposite party of the opportunity to examine the jurors concerning their relation with such counsel. The exercise of the right is subject to the discretion of the court and if there is no ground for believing that the delayed appearance is a trick or device to secure undue advantage in the trial such objection will not be sustained.

**Evidence:** TRANSACTIONS WITH A DECEDENT. Under the statute prohibiting one interested in the event of an action from testifying to a personal transaction with a deceased person, an heir who is given nothing under the provisions of a will, which recites

that such heir is not entitled to anything out of testator's estate, because he has had all that would be in any manner coming to him, is incompetent to deny the statements of the will by saying that he never had received anything from testator.

**Evidence:** LIMITATION OF NUMBER OF WITNESSES: DISCRETION. The court has discretionary power to limit the number of witnesses testifying to a given fact; and where the proponents of a will were permitted to examine a large number of nonexpert witnesses as to the mental condition of testator, and the court had warned them that there would be a limit to the number examined, it was not an abuse of discretion to refuse an examination of further witnesses on the subject.

*Appeal from Jasper District Court.*—HON. K. E. WILL-COCKSON, Judge.

TUESDAY, FEBRUARY 15, 1910.

PROCEEDING for probate of a will. Contest by heirs. Verdict in favor of contestants, and proponents appeal. On rehearing.—*Reversed.*

*McElroy & Cox, E. C. Ogg,* and *M. R. Hammer, Jr.,* for appellants.

*J. C. Hawkins, E. J. Salmon,* and *G. M. Tripp,* for appellees.

WEAVER, J.—The objections urged to the probate of the will were that the testatrix was of unsound mind at the date of its execution, and that such execution was obtained by undue influence exercised over her. Of the many grounds assigned for a reversal of the judgment below, we refer to the following as sufficiently presenting the issues we regard as of principal importance.

I. After the jury had been impaneled, and counsel for proponents had made their opening statements, G. M. Tripp,

Esq., an attorney at law who had not theretofore appeared in the case entered an 'appearance for the contestants. To this the proponents objected on the ground that his appearance after the impaneling of the jury deprived the proponents of the opportunity of examining the jurors concerning their relations with such counsel, and of considering the same in the exercise of their challenges. After interrogating Mr. Tripp concerning his relations with the members of the jury, and hearing the explanation offered of his belated appearance in the case, the objection was overruled. Appellant insists with much earnestness that the ruling was erroneous and prejudicial. We can not so hold. Many contingencies are possible which will justify the admission of new or additional counsel in a case after a jury has been impaneled, or even in the midst of a trial. The statute does not forbid it in terms or by necessary implication. The exercise of such right or privilege is, of course, subject to the discretion of the trial court, and if there be good ground to believe that the delayed appearance of counsel is a trick or device to secure undue advantage in the trial, objection thereto will be sustained. In the case at bar the court seems to have made careful inquiry into the situation, and satisfied itself that the proponents would suffer no prejudice by permitting Mr. Tripp to appear with counsel for contestants, and the record discloses no error in this respect.

II. The will in controversy provides for a nominal legacy only for certain named children of the testatrix, the provision in each instance being accompanied by the explanation that the legatee had "had all that would be in any manner coming to him from" his mother's estate. The children thus excluded from substantial benefits under the will are contestants herein, and, to each of them testifying as a witness in his own behalf, counsel for contestant put the fol-

1. APPEARANCE OF COUNSEL AFTER COMMENCEMENT OF TRIAL: prejudice: discretion.

2. EVIDENCE: transactions with a decedent.

lowing question: "Q. Mr. Armstrong, in the will in controversy in this case, there is a statement as follows: 'I give and bequeath to Alexander Armstrong the sum. of one dollar, he having had all that would be in any manner coming to him from my estate.' You may now state whether or not you received any money or property from your mother's estate." To this question proponents objected because of the incompetency of the witness under the statute, Code, section 4604, which renders a party to an action, or a person interested in the event thereof, incompetent to testify in regard to any personal transaction between him and a deceased person against the executor or heir or other representative, devisee, legatee, or survivor of such deceased person. This objection was overruled, and the witness permitted to answer: "I never received a dollar, not a cent." Over like objection he was permitted to answer in denial the question: "State whether or not at any time, aside from the property you received from your father's estate, you received from any other source any property or estate." Error is assigned upon these rulings. In considering this point upon a former hearing we reached the conclusion, though with considerable hesitation, that the evidence was admissible under the rule established by *McElhenney v. Hendricks,* 82 Iowa, 657, and cases of that class. A reconsideration of that question, upon further argument, convinces us that while the doctrine of these precedents fully sustains the admissibility of the answer to the interrogatory last above quoted it is not broad enough to cover the first. The rule of these cases has been stated as follows: "The statute is not designed to exclude evidence; not itself obnoxious to the prohibition, from which inferences of what was done between the parties may be drawn." *Campbell v. Collins,* 133 Iowa, 155. This can have no proper application to the testimony of a party, or a person interested, when asked to speak either affirmatively or negatively "in regard to a

personal transaction" with the deceased.  A witness testifies "in regard to a personal transaction" no less when he denies it than when he affirms it.  *Brown's Estate,* 92 Iowa, 388; *Van Sandt v. Cramer,* 60 Iowa, 424; *Ridler v. Ridler,* 93 Iowa, 351; *Garretson v. Kinkead,* 118 Iowa, 385.  To say as do counsel for appellee, and as a few isolated cases from other states hold, that while a party in interest may not testify to prove a transaction with a person since deceased, but may testify to deny that any such transaction was ever had, is to construe away, in a very large degree, the clearly intended force and effect of the statute.  The most plausible suggestion in support of the trial court's ruling is that the statement made in the will is in the nature of testimony, and, the will being offered in evidence, it became competent for the contesting heirs to deny its truth.  To establish such a rule would, as we view it, involve an entirely too arbitrary construction of the statute.  The objection to the competency of the witness is removed, where the testimony of the deceased person is given in evidence.  It is not an unusual thing that the testimony of the deceased has been taken *de bene esse,* or has been otherwise preserved, so as to be admissible as competent evidence of facts in controversy after his death, and, when so employed, the statute will not exclude the adverse party from giving his version of the transactions to which such testimony has been directed.  We have distinctly held that this is the kind of testimony to which the statute refers, and that the introduction of the book accounts and written memoranda of the deceased does not render the adverse party a competent witness.  *Whisler v. Whisler,* 117 Iowa, 715.  See, also, *Brown's Estate,* 113 Iowa, 351.

In *Doughty v. Doughty,* 42 Hun (N. Y.), 654, the precise question here presented was ruled adversely to the appellee's contention and held that the contesting heir was incompetent to deny the statement in the will that he had

received advances from his testator. In *Pepper v. Brough-
ton,* 80 N. C. 251, proof that the testator said that a mem-
ber of his family would not speak to him was held not
to render such ·relative a competent witness to deny the
fact so stated. In *Woodbury v. Woodbury,* 48 Vt. 94, the
executor introduced in evidence a letter written by the de-
ceased to a party on the other side, and this was held in-
sufficient to remove the bar of the statute and permit the
party to testify in explanation of the letter. The same
principle is approved, in *Brace v. Black,* 125 Ill. 33 (17
N. E. 66). Adhering to the rule here stated, we are ob-
liged to hold that the trial court erred in overruling the
proponents' objections to this class of testimony. We are
not able to say that the ruling was not prejudicial. Other
testimony, upon which the contestants' case was based, was
neither so strong or persuasive that we can safely assume
the verdict in their favor was not affected by the fact thus
improperly submitted to the consideration of the jury. The
tendency of many jurors in will contests to find in accord-
ance with what appeals to them as the equities of the case
and against the validity of a will, which appears to disin-
herit a child or discriminates against those having an ap-
parent natural claim on the testator's bounty, is well known,
and the introduction of incompetent testimony which under
other circumstances might be passed as harmless error may
well prove the feather weight which tips the scale beam
in that direction.

III. Complaint is made of the refusal of the court
to permit the husband of the deceased to testify as a non-
expert concerning her mental condition. While the court
might well have permitted the examination,
there was no error in the ruling. The pro-
ponent had examined a large number of wit-
nesses of this class, and had been warned by
the court that a limit must be drawn. After permitting
examination upon this question of what it deemed a rea-

3. SAME:
limitation
of number
of witnesses:
discretion.

sonable number of nonexpert neighbors and acquaintances of the deceased, the line was drawn and further testimony of the kind was refused.   There was no abuse of the court's discretion.

It is also contended that the evidence is insufficient to raise a jury question, and the court should have directed a verdict for proponents.   It is to be conceded that the showing made by the contestants is weak, and, if the case were before us for consideration *de novo,* we might well find it insufficient, but it is the opinion of the majority of this court that, assuming the truth of all the matters which the contestants' evidence tends to show, it presents a question of fact which they were entitled to have submitted to the finding of the jury.

Other questions considered in argument are not likely to arise on another trial, and we shall not enter upon their discussion.   For the reasons stated a new trial must be ordered, and the cause is remanded for further proceedings in harmony with this opinion.—*Reversed.*