Rockingham,
No. 4450.

LAURA A. PERRY *v.* THOMAS W. FAULKNER.

Submitted February 8, 1956.

Decided March 6, 1956.

*Sleeper & Mullavey* for the plaintiff, furnished no brief.

*Thomas J. Morris* and *Charles J. Griffin* for the defendant, furnished no brief.

GOODNOW, J. The principal claim of the plaintiff is that the appearance of additional counsel for the defendant after the jury was impaneled so impaired her right to challenge prospective jurors as to transform the jury from a properly to an improperly established tribunal and to require a new trial. We cannot agree.

Whether the opportunity afforded to a party to exercise the peremptory challenges granted by statute (RSA 519:19) has been such as to produce a fair and impartial jury must depend upon the facts in existence when the jury was being organized, whether then known to the parties or discovered later. See *McLaughlin* v. *Union-Leader*, 99 N. H. 492, 498; *Hazen* v. *Corporation*, 89 N. H. 522, 523; *Shulinsky* v. *Railroad*, 83 N. H. 86, 88. Facts or circumstances first arising after the impaneling of the jury cannot affect the composition of the jury because they did not exist for consideration in the challenging of prospective jurors at the only time when that right might have been exercised. When new or additional counsel for one party in a civil action first appears after the jury has been chosen, the issue raised by a motion for a mistrial is whether, in order to prevent injustice to the moving party under the circumstances then existing, the trial must be discontinued. See *LePage* v. *Company*, 97 N. H. 46, 50; *Emerson* v. *Cobb*, 88 N. H. 199, 202. The determination of this issue is a question of fact for the Trial Court. See *In re Winslow's Will*, 146 Iowa 67, 69; *Kerling* v. *Company*, 109 Minn. 481, 483; 88 C. J. S. 304, 305.

When the jury was drawn at the opening of the trial of this action, only one attorney appeared for the defendant. He was present in the courtroom and was identified to the prospective jurors as counsel for the defendant. After the impaneling of the jury, he made a pre-view statement and went with the jury on a view. The next morning, before the plaintiff's opening statement, an additional attorney appeared for the defendant. The Trial Court informed the jury of this fact and "asked the jury the usual questions concerning counsel and received a negative reply." On

that basis the indifference of the jurors as determined the day before had apparently not been affected by the appearance of additional counsel for the defendant. The plaintiff moved for a mistrial on the sole ground that he "might well have challenged differently" had he known when the jury was drawn that additional counsel would later appear. When asked by the Trial Court if he had "any specific references to challenges," plaintiff's counsel replied that he would "have to make some study of that."

By its denial of the motion, the Court impliedly found that justice did not then require that the trial be stopped. The assertion of plaintiff's counsel, standing alone and indicating only that he *might* have challenged differently, did not require a contrary finding.

After the jury's verdict, the plaintiff moved that it be set aside on the same grounds advanced in support of the motion for a mistrial. At the hearing on this motion, plaintiff's counsel indicated for the first time the names of two jurors in respect to whom he then said he would have challenged differently. However, he gave no reason as to why he would have challenged one of them and asserted that the reason why he would have challenged the other "is a trade secret." These empty assertions furnished no evidence that the trial had been unfair nor is there anything in the record to indicate such a fact. The Trial Court's denial of this motion was equivalent to a finding that the plaintiff had a fair trial. *Davis* v. *Company*, 100 N. H. 12, 16. No reason appears why that finding should be disturbed.

The question of whether the trial was rendered unfair by reason of the defendant's statement made in the hearing of the jury during the argument of plaintiff's counsel was peculiarly one which "the presiding justice has better means of deciding . . . than others can have who were not at the trial." *Emerson* v. *Cobb*, 88 N. H. 199, 202. By his failure to request a mistrial immediately after the statement was made, when an opportunity to do so was afforded, plaintiff's counsel in effect elected to go on with the trial and take his chances on the verdict. *LePage* v. *Company*, 97 N. H. 46, 52. Under the circumstances of the case, we cannot say that the Trial Court's denial of the motion to set aside the verdict was erroneous.

*Judgment on the verdict.*

All concurred.