Bobby Lynn CHANDLER and Frank RAMSEY
*v.* Lonnie KIRKPATRICK

79-343                                              603 S.W. 2d 406
Supreme Court of Arkansas
Opinion delivered September 2, 1980

*Arnold, Arnold, Lavender & Rochelle*, by: *E. Ben Franks* and *Frank J. Gamble, III*, for appellants.

*Dowd, Harrelson & Moore*, for appellee.

GEORGE ROSE SMITH, Justice. In September, 1975, the appellant Frank Ramsey was doing business in DeQueen as the Ramsey Insurance Agency. Ramsey and the appellee, Lonnie Kirkpatrick, borrowed $35,000 from a DeQueen bank, executing a joint note as evidence of the debt. The money was put into the business, the name being changed to Ramsey-Kirkpatrick Insurance Agency. Kirkpatrick, who was a pulpwood dealer, testified that by the transaction he acquired a half interest in the agency. Just how the note was to be paid is not shown by the testimony.

A year later the parties paid $7,000 on the debt and gave the bank a new note for $28,000. The failed to pay that note. The bank brought this action upon the note and obtained a summary judgment, subject to a counterclaim that was eventually decided in favor of the bank. See *Kirkpatrick* v. *First State Bank of DeQueen*, 265 Ark. 285, 578 S.W. 2d 28 (1979).

By the time this suit was filed, Kirkpatrick had discontinued his active participation in the agency, and Ramsey had raised additional money by selling an interest in the agency to the other appellant, Chandler, the name of the agency being changed to Chandler-Gann Insurance Agency. There was testimony, not undisputed, that Chandler agreed to assume liability for the $28,000 debt to the bank.

In response to the complaint Kirkpatrick filed a counterclaim against the bank for $75,000, asserting that he had been defrauded of his half interest in the agency, which was allegedly worth that amount. Kirkpatrick filed similar claims for $75,000 against Ramsey and Chandler, again asserting fraud. The jury rejected Kirkpatrick's counterclaim against the bank, but awarded him a $38,000 verdict against Chand-

ler and a $19,000 verdict against Ramsey. Both have appealed, arguing separate grounds for reversal.

As to Ramsey, we agree with his contention that there is no substantial evidence to support Kirkpatrick's claim against him, so that his motion for a directed verdict should have been granted. On the issue of Ramsey's liability to Kirkpatrick, the court submitted to the jury only the question whether Ramsey had made fraudulent misrepresentations to Kirkpatrick. We find no such testimony in the appellants' abstract of the record, nor does Kirkpatrick refer us to such proof in his brief. Essentially, all that is argued is that Ramsey promised to pay the debt to the bank and failed to do so. That is what he promised in the first place, and reiterated later on, but such statements as to the future are not actionable fraud. *Pierce* v. *Sicard*, 176 Ark. 511, 3 S.W. 2d 337 (1928); *Harriage* v. *Daley*, 121 Ark. 23, 180 S.W. 333 (1915).

In setting aside Kirkpatrick's judgment against Ramsey, we make it clear that we not passing upon any claim that Kirkpatrick might have against Ramsey by way of subrogation or contribution. Such a claim is not before us, as it would depend upon the original agreement between Ramsey and Kirkpatrick and could not have arisen until Kirkpatrick satisfied the bank's judgment on May 11, 1979. That payment was three days after the trial and does not present any issue on this appeal.

The other appellant, Chandler, argues four points for reversal, in none of which we find merit.

First, it is insisted that the court should have striken a remark made by Kirkpatrick on cross-examination, that a judge in a separate suit in Pulaski county had asked why Kirkpatrick was even involved in that suit. The court's ruling was right, not only because the remark was invited by counsel's question, but also because the remark could not have been really prejudicial, as the jury was told practically nothing about the Pulaski county case.

Second, it is argued that the court should have instructed the jury that Kirkpatrick, as a partner in the in-

surance agency, was liable to Chandler upon notes for $54,-540 that Ramsey eventually executed to Chandler. Whether Kirkpatrick was still a partner when the notes were given was a question of fact. That issue of fact was submitted to the jury at Chandler's request and was decided adversely to him; so he is in no position to argue that all the proof shows the verdict to be wrong. *Home Co.* v. *Lammers*, 221 Ark. 311, 254 S.W. 2d 65 (1952).

Third, Chandler's counsel made only a general objection to the court's instruction on the measure of damages, saying that "it did not set out the proper measure of damages for the case at bar." Such a broad statement did not tell the trial court exactly why the instruction was wrong and therefore was not sufficiently specific to present any question for review. Civil Procedure Rule 51 (1979).

Fourth, it is argued that the $38,00 judgment against Chandler is excessive, because the underlying judgment in favor of the bank was for only $28,000, plus attorney's fees of $3,000. The judgment, however, recited that it bore interest of $7.77 a day, which for some 616 days would put the total past the $38,000 verdict. Moreover, the record of satisfaction of the judgment recites that Kirkpatrick actually paid the bank $38,618.20, which included costs.

Affirmed as to Chandler and reversed and dismissed as to Ramsey, without affecting possible issues of contribution and subrogation as between Kirkpatrick and Ramsey.