## AAA T.V. & STEREO RENTALS, INC. d/b/a COLORTYME RENTALS v. Corine CRAWLEY

84-128                                        679 S.W.2d 190

Supreme Court of Arkansas
Opinion delivered November 13, 1984

*Joseph M. Erwin,* and *Wilson & Wilson,* by: *Ralph E. Wilson, Sr.* for appellant.

*Banks & Ritchey,* by: *Daniel G. Ritchey,* for appellee.

STEELE HAYS, Justice. Appellee, Corine Crawley, originated this action against appellant, AAA T.V. & Stereo Rentals, Inc., for invasion of privacy. Mrs. Crawley had rented a television set from AAA in March, 1982 for $15.00 per week. In September, while she was one week behind in her payments, her home was broken into and the set removed. AAA does not dispute the proof that two of its employees forced open the door of her residence while she was at work. A number of other repossessions had been effected in the same manner.

The jury awarded Mrs. Crawley $4,590 in compensatory damages and $15,000 in punitive damages. AAA has appealed, alleging four errors by the trial court. We affirm the judgment.

AAA argues it was error to allow a judgment of more than $90 for appellee's compensatory damages. Mrs. Crawley testified she spent $90 having her front door repaired. Since this was the only actual expense she incurred, appellant submits there was no evidence to support the jury verdict of $4,590 awarded her. The answer to the argument lies in the fact the court also instructed the jury it could consider any outrage, shame, humiliation, ridicule and mental anguish suffered by Mrs. Crawley. Appellant made no objection to the instruction and offered no proposed instruction of its own. See ARCP Rule 51.

Appellant urges mental suffering would not support more than nominal damages, but we disagree. Mrs. Crawley testified she was frightened for her children when she was called off the assembly line to be told her home had been broken into. She called the police and hurried home to find the front door and facing badly damaged. She said she was upset and embarrassed that everyone at her job knew about the incident. The court's instruction permitted the jury to weigh the feelings which might be expected to follow when one's home is invaded by outsiders who have no lawful right to be there. Under our cases the verdict will ordinarily not be disturbed on appeal unless clearly the result of passion or prejudice, or so great as to shock the conscience of the court. *Hambry* v. *Haskins,* 275 Ark. 385, 630 S.W.2d 37 (1982); *Sterling Stores Co.* v. *Martin,* 283 Ark. 1041, 386 S.W.2d 711 (1965); *Missouri Pacific Railroad Co.* v. *Simon,* 199 Ark. 289, 135 S.W.2d 336 (1940). This jury may well have felt a degree of indignation over the flagrant intrusion suffered by Mrs. Crawley at the hands of AAA's employees, but the amount is not so great as to indicate an impassioned verdict. Accordingly the verdict will stand. See *Price* v. *Watkins,* 283 Ark. 502, 678 S.W.2d 762 (1984).

Next, AAA insists the trial judge gave an incorrect instruction on punitive damages. It contends the jury should have been instructed in accordance with AMI 2217, the prescribed instruction on punitive damages, whereas the court gave its own punitive damage instruction. The argument overlooks our holding in *Ford Motor Co.,* v. *Herring,* 267 Ark. 201, 589 S.W.2d 584 (1979), where we said AMI 2217 was drafted for use in negligence cases and should *not* be given where an intentional tort is involved. See *Tandy Corporation, et al* v. *Bone,* 283 Ark. 399, 678 S.W.2d 312 (1984). AAA points out the trial judge did not comply with our Per Curiam order of April 19, 1965, by failing to state his reason for modifying an AMI instruction. But we will not reverse for that omission when the reason is obvious and the modification is in accordance with our decisions. AAA has not challenged the substance of the instruction as given and we have not dealt with that question.

The two remaining points deal with the instruction on invasion of privacy and may be answered together. AAA contends the instruction was wrong because (1) it told the jurors an invasion of privacy entitled the plaintiff to *substantial* damages, and (2) it failed to define the invasion as an unreasonable and substantial intrusion upon the seclusion of another, in accordance with *CBM of Central Arkansas* v. *Bemel,* 274 Ark. 223, 623 S.W.2d 518 (1981) and *Dodrill* v. *Arkansas Democrat Co.,* 265 Ark. 628, 590 S.W.2d 840 (1979).

These arguments must fail because the only objection to the instruction was the broad assertion that there was "no legal authority" for such instruction. ARCP 51 provides:

> A mere general objection shall not be sufficient to obtain appellate review of the trial court's action relating to instructions to the jury except as to an instruction directing a verdict or the court's action in declining to do so.

An objection which merely complains that a jury instruction "is an incorrect declaration of the law," is a general objection, preserving no point for review. *CBM of Central Arkansas, Inc.* v. *Bemel, supra; Chandler* v. *Kirkpatrick,* 270 Ark. 74, 603 S.W.2d 406 (1980); *Capital Sheet Co.* v. *Foster & Creighton Co.,* 264 Ark. 683, 574 S.W.2d 256 (1978).

Affirmed.