Billie E. COPELIN *v.* Jerry CORTER and Gloria CORTER

86-152                                                                724 S.W.2d 146

Supreme Court of Arkansas
Opinion delivered February 16, 1987
[Rehearing denied March 16, 1987.]

*Jeff Duty* and *W.H. Taylor*, for appellant.

*R.H. "Bud" Mills, P.A.*, for appellee.

JOHN I. PURTLE, Justice. The complaint in this case alleged fraud in the sale of certain real estate. The case was tried before a jury in the Benton County Circuit Court. A verdict in favor of the appellees was awarded in the amount of $8,000.00 compensatory damages and $5,000.00 punitive damages.

The appellant submits four points for reversal on appeal. However, in essence they amount to a challenge of the sufficiency

of the evidence. For the reasons stated below, we find that the trial court did not commit reversible error and that there is sufficient evidence to support the jury's award.

The facts of the case reveal that the parties to this action met on November 24, 1982. At that time the appellant informed the appellees that he had some property for sale. A few days later the appellees inspected the five acre tract of land which contained a residence and a poultry house. One well provided water to the entire property.

The appellant had listed the property with several agencies prior to his contact with the appellees. In each instance he declared there was a "good well" on the property. The appellees testified that the appellant told them that there was a good well when they first discussed the possibility of purchasing the property. It is undisputed that the appellees inspected the house, including the basement level, prior to entering into a sale agreement on December 2, 1982. On December 4, 1982, there was a discussion between the appellant and the appellees concerning the dampness or water in the basement. On this date the appellees reinspected the premises and found much water in the basement. The appellant told the appellees that when water appeared in the basement his wife usually mopped it up and that there was never very much water seepage.

Sometime in 1983 the appellees obtained an estimate in the amount of $5,000.00 for labor and materials necessary to repair and waterproof the basement. Soon after the appellees moved into the property, in December of 1982, problems developed with the well and pump, resulting in a shortage of water. Although the appellees continued to reside on the property and produce broilers, they continued to have problems with the well. They replaced the pump, but the water supply was not improved. The cost to replace the pump was approximately $800.00.

There is no indication that the appellees made any type of demand or notified the appellant of their complaints. The suit was filed on April 13, 1984. A motion for a directed verdict, at the close of all the evidence, was made by the appellant. The motion was directed at the sufficiency of the evidence relating to the well and that there had been no showing of fraud. Without objection the facts were submitted to the jury on a general verdict form.

There was no motion for judgment notwithstanding the verdict.

We have held that there are five elements necessary to prove fraud in a tort action. There must be: (1) a false representation, (2) knowledge that the representation is false (or that there was not a sufficient basis of information to make the representation), (3) an intention to induce action or inaction, (4) justifiable reliance upon the representation, and (5) damages resulting from such reliance. *MFA Mutual Insurance Company* v. *Keller, et al.*, 274 Ark. 281, 623 S.W.2d 841 (1981). Before a party may question the sufficiency of the evidence in a jury trial, he must comply with A.R.C.P. Rule 50(e). The present appellant did not properly request the trial court to rule on the sufficiency of the evidence as it related to the basement of the dwelling. Therefore, we will not consider this matter on appeal.

We will not overturn a jury verdict unless it is clearly the result of passion or prejudice. *Duggar* v. *Arrow Coachlines, Inc.*, 288 Ark. 522, 707 S.W.2d 316 (1986). Upon appellate review we consider the evidence in the light most favorable to the verdict and if supported by substantial evidence, we will affirm. *Duggar* v. *Coachlines, Inc.*, supra; *Petrus Chrysler-Plymouth* v. *Davis*, 283 Ark. 172, 671 S.W.2d 749 (1984).

Non-disclosure of facts may be a basis of recovery for fraud under certain circumstances. *Vaught* v. *Satterfield*, 260 Ark. 544, 542 S.W.2d 502 (1976). However, the failure to disclose material facts will not support a verdict for fraud if there is no reliance on the non-disclosure.

During the course of the trial, testimony was presented that the appellant had affirmatively represented that there was a good well on the property. Also, testimony and evidence was presented that the well was not a good one. Cost estimations were given which indicated that to relocate the well and to install a new pump and equipment would cost as much as $7,200.00, depending upon the depth required to reach a good supply of water. If a good water supply were discovered closer to the surface, the cost would be much less.

For the above reasons we hold that there was substantial evidence from which the jury could have concluded that there was a fraudulent representation concerning the well and that the

replacement cost could be as much as $7,200.00. In addition the appellees had already spent over $800.00 in attempting to remedy the water situation. Therefore, we conclude that the jury's award was proper.

Affirmed.