Lee Warren STEPHENS and Corley MOTEN *v.* Orville
SAUNDERS and Ayleen SAUNDERS

87-91                                                737 S.W.2d 626

Supreme Court of Arkansas
Opinion delivered October 12, 1987

*Wright, Lindsey & Jennings*, for appellant.

*Norman M. Smith*, for appellee.

ROBERT H. DUDLEY, Justice. This action for personal injuries and property damage arises from a collision between an automobile occupied by appellees, Orville and Ayleen Saunders, who were the plaintiffs below, and a tractor-trailer rig owned by appellant Lee Warren Stephens and driven by appellant Corley Moten, who were the defendants below. The jury's verdict was in favor of the defendants. The trial judge granted the plaintiffs' motion for a new trial, finding the verdict to be clearly against the preponderance of the evidence. ARCP Rule 59(a)(6); *Clayton* v. *Wagnon*, 276 Ark. 124, 633 S.W.2d 19 (1982). The only question is whether the trial judge's ruling was an abuse of discretion. The trial judge did not abuse his discretion and, accordingly, we affirm.

The trial judge, in granting a new trial, did not properly specify his reasons. Rule 16, Uniform Rules for Circuit and

Chancery Courts. His order recites simply that the verdict "is clearly against the preponderance of the evidence." Therefore, the burden is on the plaintiffs, appellees, to show that the trial court did not err in granting the new trial. Rule 16, *id*. The appellees have met that burden.

At the time of the accident on the White River Bridge near Clarendon, a crew from the Arkansas Highway and Transportation Department was doing maintenance work in the northbound lane of the bridge. Because of that work, traffic on the bridge could travel only in the southbound lane. There was conflicting testimony about whether the work crew had posted signs warning of the bridge maintenance work ahead. The plaintiffs, who were traveling south, were waved through on the southbound lane by a flagman who was a member of the work crew. At about the same time, defendant Moten, who was driving in defendant Stephen's rig which was loaded with 73,000 pounds of grain, was heading toward the bridge in the northbound lane of traffic. Defendant Moten came upon three vehicles stopped in his northbound lane of traffic. Realizing that he would not be able to stop in his lane without running into those vehicles, he crossed over the double yellow line, entered the wrong lane of traffic, traveled 650 feet up the incline of the bridge, and crashed head-on into the plaintiffs' car. The force was such that the plaintiffs' car was pushed backwards 211 feet.

On appeal, defendant Moten contends that there was substantial evidence from which the jury could have found that he was keeping a proper lookout, was using ordinary care to keep his rig under control, and was faced with a sudden emergency. The substantial evidence, he argues, is the testimony that he had no warning of the work on the bridge until he reached the mouth of the bridge, that another vehicle quickly pulled in front of him forcing him over into the wrong lane, and that photographs tend to establish that his view of the bridge was obscured by trees.

Even though his testimony and arguments were apparently accepted by the jury, they are so much at variance with the physical evidence and the testimony of the other witnesses that the trial judge did not act improvidently or abuse his discretion in finding that the verdict was clearly against the preponderance of the evidence.

Affirmed.

GLAZE, J., concurs.

TOM GLAZE, Justice, concurring. I concur. While I would not affirm this case merely because a great variance exists between the testimony of the opposing parties and witnesses, I do agree that the appellants' claim that they were keeping a proper lookout and using ordinary care is in conflict with the physical evidence. Because I cannot reconcile appellants' story and that of their witness, Ms. Bock, with the physical evidence presented, I therefore cannot say the trial judge abused his discretion in ruling the jury verdict was clearly against the evidence.