## Shirley LASTER *v.* Sharon TILLEY

88-62                                    749 S.W.2d 326

Supreme Court of Arkansas
Opinion delivered May 16, 1988

*G. Randolph Satterfield*, for appellant.

*Lovell, Arnold & Nolley*, by: *Gary M. Arnold*, for appellee.

DAVID NEWBERN, Justice. The appellant, Shirley Laster, sued her next door neighbor, the appellee Sharon Tilley, for battery. Tilley counterclaimed for trespass and battery. The jury awarded damages to Tilley, and Laster appealed the judgment. Laster claimed Tilley ran her down with her riding lawnmower, and Tilley claimed Laster attacked her while she was on the lawnmower. Laster contends the evidence was insufficient to support the verdict against her and that the court erred in admitting into evidence a tape recording of a telephone conversation in which she made profane and unflattering threats to Tilley.

### 1. Sufficiency of the evidence

Although motions for directed verdict were made at the conclusion of Laster's case, none was made by Laster at the close of Tilley's case. Laster's failure to move for directed verdict at the close of Tilley's case constituted a waiver of the issue of sufficiency of the evidence. Ark. R. Civ. P. 50(e); *Copelin v. Corter*, 291 Ark. 218, 724 S.W.2d 146 (1987).

### 2. *Admissibility of the tape recording*

■ Laster contends the recording was inadmissible because she did not know her conversation with Tilley was being recorded. She cites no authority whatever for her position. In the absence of citation of authority or convincing argument we decline to address the point. *Reed* v. *Alcoholic Beverage Control Division*, 295 Ark. 9, 746 S.W.2d 368 (1988); *Dixon* v. *State*, 260 Ark. 857, 545 S.W.2d 606 (1977).

Affirmed.