Melba Dean SCOTT and C.L. Scott *v*. Danny E. McCLAIN

88-98                                    758 S.W.2d 409

Supreme Court of Arkansas
Opinion delivered October 17, 1988

*Jack Skinner*, for appellants.

*Pryor, Barry, Smith and Karber*; and *Walters Law Firm*, for appellee.

DAVID NEWBERN, Justice. This is an automobile accident case. The appellants, Melba Dean Scott, and her husband, C.L. Scott, sued the appellee, Danny E. McClain, alleging he negligently caused injuries to Mrs. Scott and property damage to the

Scotts' automobile. Mrs. Scott was driving south on U.S. Highway 71. She was being followed by a pickup truck with a camper or "minihome" being driven by Mr. Haack which, in turn, was being followed by Mr. McClain driving his pickup truck. The evidence showed that Mrs. Scott looked in her rearview mirror and saw only Mr. Haack's truck and camper. She signaled for a left turn, and as she turned her car was struck in the side by Mr. McClain's truck, which had pulled around to pass Mr. Haack. Mrs. Scott testified she could not see around the Haack vehicle to her rear, and although she did not check her outside mirror it would have made no difference, as she could not have seen around the Haack vehicle. Mr. McClain testified that when he pulled out to pass he could not see around the Haack vehicle in front of him. He testified he signaled his lane change and peered around the camper but did not see Mrs. Scott's vehicle. The jury returned a verdict in favor of Mr. McClain. We affirm.

The Scotts contend first that the preponderance of the evidence was clearly in their favor. Second, they contend they were entitled to an instruction on the responsibility for defective brakes. Third, they argue the court should have disqualified a defense attorney who is a state senator and who, they allege, was brought into the case by Mr. McClain just six days before trial solely for the purpose of exerting "influence" on the jury.

### 1. Preponderance of the evidence

Mrs. Scott's argument on this point is largely based on the rule that the driver of the vehicle to the rear has a duty to yield to a forward vehicle which has signalled for a left turn, citing 2 P. Kelly, *Blashfield Automobile Law and Practice*, § 113.9 (3rd ed. Repl. 1979). Mr. McClain argues he had no way of seeing Mrs. Scott's vehicle or the left turn signal until, as he put it, she "darted" in front of him as he was passing. There is no question but that Mrs. Scott had the right to make her turn, just as there is no question that Mr. McClain was passing in a place where it was not prohibited and he was driving within the posted speed limit.

The only basis on which we could set aside this jury verdict would be if we found it to be "clearly against the preponderance of the evidence," thus warranting the granting of the new trial motion made by the Scotts, Ark. R. Civ. P. 59(a)(6), or if we found the verdict to have been the subject of "passion or

prejudice." *Duggar* v. *Arrow Coach Lines, Inc.*, 288 Ark. 522, 707 S.W.2d 316 (1986); *AAA T.V. & Stereo Rentals, Inc.* v. *Crawley*, 284 Ark. 83, 679 S.W.2d 190 (1984). Here the jury could have found either that neither party was negligent or that both of them were and that Mrs. Scott's negligence equalled or exceeded that of Mr. McClain. In either case, the defendant's verdict would have been proper. We find no evidence of passion or prejudice in the jury's verdict. Where a motion for a new trial is based on the allegation that the jury verdict was clearly against the preponderance of the evidence, we will not reverse the denial of the motion if there is substantial evidence to support the verdict, giving it the benefit of all reasonable inferences permissible under the proof. *Schuster's, Inc.* v. *Whitehead*, 291 Ark. 180, 722 S.W.2d 862 (1987); *Schaeffer* v. *McGhee*, 286 Ark. 113, 689 S.W.2d 537 (1985).

We were given pause by the fact that at one point the jury, after having retired to consider the case, returned to the courtroom to ask what to do if they found no negligence on the part of either party, and the judge told them to render a verdict for the defendant. While we are not certain that was technically the correct procedure, and the point is not argued by the Scotts, the short answer is that there was no objection made when the court responded to the question. *See Thigpen* v. *Polite*, 289 Ark. 514, 712 S.W.2d 910 (1986).

## 2. The brakes instruction

Mr. and Mrs. Scott asked the court to give an instruction that violation of a statute is evidence of negligence (AMI 903). Their argument was that Ark. Code Ann. § 27-37-501(a) (1987) requires that a motor vehicle have proper brakes, and there was evidence that Mr. McClain's truck's brakes were defective. The evidence referred to was the fact that Mr. McClain's truck left a skid mark from one wheel only.

The state trooper who investigated the accident was asked what could have caused Mr. McClain's truck to leave a skid mark made only by one wheel. He responded that there could have been several explanations. At one point, on redirect examination, he seemed to say the vehicle had defective brakes. He testified: "There would be several other reasons possibly for the one skid mark. The vehicle. . . may have had a defective right front wheel

and the brakes on the right front wheel were not working proper to stop the tire when the skid mark was made. . . ." However, on recross examination, some of the questions and answers were:

> Q: Officer, there was nothing in your investigation to indicate that Mr. McClain's right front wheel was in any way defective was there?
>
> A: No, sir.
>
> Q: Or that the brakes were in any way defective?
>
> A: No, sir.

■ No testimony was given to show that Mr. McClain's truck was inspected or found to be defective in any way. The officer's speculation among possible causes of the one skid mark was not a sufficient basis to give the requested instruction. *See Arkansas Power & Light Co.* v. *Cummins*, 182 Ark. 1, 28 S.W.2d 1077 (1930).

### 3. Attorney disqualification

The Scotts admit in their brief that they can cite no case holding that the adding of co-counsel before the trial begins constitutes reversible error. They cite the only rule on the matter of which we are aware, that is, that counsel may be disqualified if added after voir dire of the jury panel in which questions might have been asked to reveal relationships between the new counsel and prospective jurors. *In re Winslow's Will*, 146 Ia. 67, 124 N.W. 895 (1910). That rule does not apply in this case.

■ The Scotts' counsel argues that he accused counsel for Mr. McClain of bringing the senator into the case for the purpose of influencing the jurors and that Mr. McClain's lawyer admitted as much. Jurors decide cases under oath to do so impartially considering only the facts and the law. It is inevitable that some lawyers command more respect in the community than others, just as some are more skilled than others. While the skill or prestige of counsel may give one party or the other an edge, we have had enough experience with the jury system to indulge our faith that fair results will be reached regardless of these factors, and any rule we might try to impose to equalize counsel in every case would be unnecessary and completely impossible to administer.

Affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. I cannot join the majority opinion for three reasons: (1) the trial court should have given an instruction on defective brakes; (2) the trial court should not have "directed a verdict" for the defendant; and (3) the court should have granted a new trial.

I will not repeat the facts in detail, but I do wish to call attention to the fact that the plaintiff was the forward of three vehicles traveling north on U.S. Highway 71. Another motorist was following her, driving a pickup truck with a camper shell on it. The defendant, appellee, was the third vehicle. Signalling her intentions, the appellant had engaged her left turn signal. While passing the camper, the appellee was confronted with the appellant's vehicle, which was in the process of making a left turn onto a side road. The driver of the camper sounded his horn in an effort to warn the appellee. The appellee then applied his brakes, leaving only one skidmark, cut to his left, and struck the appellant's vehicle on the driver's side, near the steering wheel. The accident actually occurred on the left shoulder of the road.

We recently decided a case factually very similar to this one. *Stephens* v. *Saunders*, 293 Ark. 279, 737 S.W.2d 626 (1987). The jury returned a verdict in favor of the defendant who had crossed over onto the plaintiff's side of the road at the time the collision occurred. The trial judge found the verdict to be clearly against the preponderance of the evidence and set aside the jury verdict. We upheld the trial court and stated:

> Even though his testimony and arguments were apparently accepted by the jury, they are so much at variance with the physical evidence and the testimony of the other witnesses that the trial judge did not act improvidently or abuse his discretion in finding that the verdict was clearly against the preponderance of the evidence.

There is no dispute among the authorities concerning the right of drivers of vehicles going in the same direction and the priorities afforded them. The law of the road is that the automobile in front has the superior right to the use of that highway for the purpose of leaving it on either side to enter intersecting roads

or highways. A polestar decision is *Madison Smith Cadillac Company* v. *Lloyd*, 184 Ark. 542, 43 S.W.2d 729 (1931). The *Madison* case was very similar to the present case, and in fact happened in the same area of the state. In *Madison* the plaintiffs were following the defendant vehicle when he turned left into a junkyard. The plaintiff had started to pass and in order to avoid striking the left-turning lead vehicle, ran into the ditch and overturned. The opinion requoted the law of the road and reversed a judgment for the appellees and dismissed the case. Speaking about the passing automobile, the court stated:

> They had ample time to think in covering that distance and could have easily stopped their car until they ascertained what purpose the Hudson car had in slowing down. There was no necessity whatever for them to act hastily in order to avoid striking the Hudson car. They had control of their car, but rather than reduce their speed and stop if necessary, they deliberately chose to maintain their speed, and by doing so assumed the hazard of turning to the left and passing the Hudson car.

There is no substantial evidence of the appellant's negligence in the record. Therefore, the court erred in instructing the jury to find for the defendant. There is no evidence whatsoever of negligence on the part of the appellant driver. Any minor negligence which might be attributed to her certainly could not be said to be a proximate cause of the collision. She was traveling in her own lane when she gave a signal to turn left off the highway and she proceeded across the road where she was struck by the appellee's vehicle, which was by then out of control. There is no physical evidence whatsoever that the appellant was violating any law, ordinance or rule of the road.

A case very close in point to the present case is that of *Superior Forwarding Company* v. *Garner*, 236 Ark. 340, 366 S.W.2d 290 (1963). In the *Garner* case the trailing vehicle attempted to pass and in so doing went into the other lane and caused a collision between his vehicle and another. This court reversed the jury award, finding both drivers negligent. We held that the trial court should have granted a verdict for the appellants or should have granted the appellants' motion for a new trial.

The relevant language in the *Garner* case is as follows:

> On the basis of the record presented to us in this case we are of the opinion that the trial court should have directed a verdict as requested by the appellants. As we view the evidence in this case, appellee's cause is based on inferences, speculation and conjecture. We do not find any substantial evidence to support any of the allegations of the appellants' alleged acts of negligence in this case. The burden was upon the appellee to produce some substantial evidence from which the jury might find some act or omission constituting negligence by the appellants as alleged in appellee's complaint. Such evidence can be established either by direct or circumstantial evidence but the appellee cannot rely upon inferences based on conjecture or speculation in order to establish proof of negligence.

The court refused to give the brake instruction on the ground that there was no evidence of defective brakes. Clearly the testimony of the state policeman was that the defective brakes were a possible cause for the appellee's vehicle leaving only one skidmark. In my opinion, that is evidence upon which to base such an instruction.

Since I find absolutely no evidence of negligence on the part of the appellant, the lead vehicle, I believe the trial court should have granted a new trial.