## Milton FERRELL, Administrator, et al. *v.* SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY

86-210                                724 S.W.2d 465

Supreme Court of Arkansas
Opinion delivered March 2, 1987
[Rehearing denied March 23, 1987.]

*Fletcher C. Lewis*, for appellant.

*David Hodges*, for appellee.

DARRELL HICKMAN, Justice. A McCrory Public School bus,

driven by George Humphrey, collided with a vehicle driven by Sharon Ann Ferrell on Highway 145 south of McCrory at approximately 6:45 a.m. on October 17, 1983. Mrs. Ferrell was killed. Hazel Annette Wilson was a passenger. The personal representative of Mrs. Ferrell's estate sued the appellee, the insurance carrier for the school district, directly for wrongful death. Mrs. Wilson joined the suit, seeking damages for personal injuries. The jury returned a verdict for the insurance company, finding Mrs. Ferrell 100% negligent. On appeal the personal representative and Mrs. Wilson allege four errors were committed at the trial.

The first error alleged is that the trial court wrongfully refused to instruct the jury on Ark. Stat. Ann. § 66-3240 (Repl. 1980), which provides that when a school district has liability insurance, the carrier may be sued directly. The appellants' attorney and the attorney for the insurance company argued over the role of the bus driver and school district during the law suit. The appellants' attorney argued the suit was not against the school district or the bus driver but against the insurance company. The attorney for the insurance company argued that the jury would have to find the driver and consequently the school district at fault.

The trial court instructed the jury that in order for the appellants to recover, the jury must find that the bus driver or the school district was negligent and that negligence was the proximate cause of the appellants' damages. AMI Civil 2d, 203. If the Arkansas Model Jury Instructions contain an instruction applicable to a civil case and the trial court determines that the jury should be instructed on the subject, the AMI instruction shall be given unless the trial court determines it does not accurately state the law. Per curiam order April 19, 1965. It is not error to deny a proffered instruction if the subject is covered by the model instructions. *Wharton* v. *Bray*, 250 Ark. 127, 464 S.W.2d 554 (1971). Appellants' attorney informed the jury several times that this action was against the insurance company and not against the bus driver or the school district. We find there was no prejudice to the appellants by the trial court's refusal to give their instruction. *Christmas* v. *Raley*, 260 Ark. 150, 539 S.W.2d 405 (1976).

■ Appellants next argue that the trial court erred by allowing a state trooper to give his opinion on the point of impact. Gary Gray testified that, in his opinion, the point of impact occurred about three feet over the center of the highway in the school bus' lane of traffic. The effect of this opinion was that Mrs. Ferrell's vehicle crossed the center of the road and hit the bus. The appellants argue it was error to qualify this trooper as an expert. In *Smith* v. *Davis*, 281 Ark. 122, 663 S.W.2d 165 (1983), we held an officer investigating an accident can give an opinion about the point of impact if properly qualified. The trial court decided this officer was sufficiently qualified to testify to the point of impact. The trial court heard about Gray's training, experience, and how he determined the point of impact. We cannot say the trial court abused its discretion. A.R.E. Rule 104(a).

■■ Appellants argue that the judge was wrong in denying their motion for a new trial. Essentially, the argument on appeal is that the jury was wrong, because the accident could not have been Mrs. Ferrell's fault. There was testimony that the school bus was driving with only the headlight on the passenger's side operating; the highway did not have a centerline painted; it was a very foggy morning with very limited visibility. There was also evidence that Mrs. Ferrell was driving fast and in the middle of the road. The jury was entitled to conclude that Mrs. Ferrell caused the accident by crossing the center of the highway and striking the bus in its proper lane of traffic. We examine a denial of a motion for a new trial to see if there is any substantial evidence to support the verdict. *Lamons* v. *Croft*, 290 Ark. 341, 719 S.W.2d 426 (1986); *Landis* v. *Hastings*, 276 Ark. 135, 633 S.W.2d 26 (1982); *Ferrell* v. *Whittington*, 271 Ark. 750, 610 S.W.2d 572 (1981). Here, there was substantial evidence to support the jury's verdict.

■ Finally, appellants argue that the trial court erred in granting the insurance company's motion in limine, excluding certain evidence about the bus driver's conduct before and after the accident. The trial court did not exclude this evidence. At the hearing on the motion, the trial judge reserved his ruling until the matters came up at trial. The matters did not come up at trial. Since appellants never obtained a ruling on the motion, the issue is not preserved for appeal. *Wood* v. *State*, 276 Ark. 346, 635 S.W.2d 224 (1982).

Affirmed.