Elsie HUBBARD *v.* Floyd JACKSON

88-257                                                   766 S.W.2d 2

Supreme Court of Arkansas
Opinion delivered February 27, 1989

*Mark S. Cambiano, P.A.,* for appellant.

*Matthews, Sanders, Liles & Sayes,* by: *Marci Talbot Liles,* for appellee.

JOHN I. PURTLE, Justice. This is an appeal from a jury verdict and judgment in the amount of $6,927.00 in favor of the appellant. For reversal she argues that the trial court erred in failing to allow her to introduce evidence of the appellee's consumption of alcohol and in refusing to grant her motion for a new trial. Neither point being persuasive, we affirm the judgment of the trial court.

On December 31, 1984, the appellant was driving a pickup truck along Highway 64 in the city limits of Morrilton, Arkansas. She stopped at an intersection to make a left turn, awaiting oncoming traffic, and was struck from behind by a vehicle driven by the appellee. The appellant testified that she was giving a left turn signal, and the appellee testified that she was not. The appellant was taken from the scene by her husband to a local hospital emergency room where she was treated and released. The appellee alleges that, prior to the time the police officers and

her husband arrived, the appellant stated she was not injured.

She was treated from the date of the accident up until the time of the trial on February 16, 1988. She had very favorable medical testimony, especially from her chiropractor. On the other hand, the appellee had the testimony of a radiologist and an orthopedic surgeon that neither x-rays nor physical examination provided evidence of injury. The overall medical testimony was in direct conflict concerning the nature and extent of the appellant's alleged injuries.

During the opening statement to the jury, the attorney for the appellant stated that immediately after the accident the appellee came up to her and said, "I'm sorry." She intended to testify that at the time he apologized she smelled the odor of alcohol on his breath. An objection by the appellee' attorney was sustained by the court on the grounds that intoxication had not been alleged in the complaint. The appellant's attorney then attempted to amend the pleadings, but the court denied his request on the grounds that it would prejudice the appellee.

The appellant then proffered testimony that she smelled the odor of alcohol on the appellee's breath. The parties then stipulated that the police officer who made the incident report was unavailable at the time of the trial. It was further stipulated that the report did not contain a check mark in the place designated "had been drinking."

The jury evidently did not find the verdict form to their liking and therefore wrote their own, awarding the appellant $5,000 disability and $1,927.18 medical expenses through May, 1985, making the judgment total $6,927.18.

The first argument for reversal is that the trial court erred by refusing to allow evidence of intoxication. In support of this argument the appellant relies on the case of *Inderrieden, Executrix* v. *Phillips*, 294 Ark. 156, 741 S.W.2d 255 (1987). It is true that the *Inderrieden* case held that evidence of intoxication was a matter to be presented to the jury. However, intoxication was pled in the answer as an act of contributory negligence. The opinion stated that "it was for the jury to resolve that issue and to decide if indeed alcohol was a contributing cause or the cause of the accident." One of the disputed issues in *Inderrieden* was whether

the injured party was intoxicated at the time of the accident. Evidence that the injured party was drunk on the date of the accident and was an alcoholic was presented to the jury along with her testimony that the she was neither an alcoholic nor drinking on the date of the occurrence. In the present appeal, there was no assertion of appellee's intoxication at the trial.

█ The appellant contends that she should have been able to amend her pleadings pursuant to Rule 15 of the Arkansas Rules of Civil Procedure. This rule provides: "If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended in its discretion." The appellant candidly admits that we would have to find that the court abused its discretion in order to reverse on this point. Under the facts of this case we cannot so hold. In the absence of even allegations of some type of impairment as a result of intoxicants, we cannot hold the trial court abused it discretion.

█ The second point for reversal is that the trial court committed prejudicial error by failing to grant the appellant's motion for a new trial. This argument is based essentially upon the argument presented in the first point for reversal. The chief argument in the motion for a new trial concerned the evidence about the smell of alcohol. This issue has been treated under the first point and will not be repeated now.

In her motion for a new trial, the appellant also argued the verdict was improper because it failed to award damages for pain and suffering. This is a matter which should have been taken up with the court at the time the verdict was returned. All parties were present and heard the reading of the verdict. The jury fashioned its own verdict form as follows:

> Past medical expenses through May 1985 to include all or parts of plaintiff's exhibits number 1, 6, 7, and 9.

———

Disability-$5,000.

Perhaps the jury thought disability included pain and suffering. They may, however, even have found that the appellant did not incur pain and suffering. The instruction given to the jury (AMI

2201) on the measure of damages included the following element: "permanency of injury, medical expenses, pain and suffering, and loss of ability to earn." The jury may have combined all or some of these elements into the award for $5,000.

It is well settled law in this state that on a motion for a new trial the jury verdict is favored and will not be set aside unless it is clearly against the preponderance of the evidence. *Millers Casualty Insurance Co.* v. *Holbert*, 253 Ark. 69, 484 S.W.2d 528 (1972). Moreover, we cannot speculate on how the jury arrived at its award. *Young* v. *Bailey*, 294 Ark. 300, 742 S.W.2d 905 (1988). Considering the dispute involving the facts and the divergence of expert medical opinion concerning the appellant's injury, we are unable to hold as a matter of law that the verdict was clearly contrary to a preponderance of the evidence.

Affirmed.