John HARPER v. CLARK EQUIPMENT CO.

89-75                                    779 S.W.2d 175

Supreme Court of Arkansas
Opinion delivered November 13, 1989

414

*Bennie O'Neal* and *B. Dewey Fitzhugh*, for appellant.

*Wright, Lindsey & Jennings*, for appellee.

JOHN I. PURTLE, Justice. The trial court refused to set the verdict aside after a jury had found in favor of the defendant in the plaintiff's action for personal injuries. The appellant, John Harper, argues that the trial court erred in failing to set aside the jury verdict and in refusing to instruct the jury on punitive damages. We do not consider the appellant's allegation concerning the proffered instruction on punitive damages because we find that the trial court's refusal to set aside the verdict was supported by substantial evidence. Therefore, any error on failure to give the instruction would have been harmless.

The complaint in this case was for damages resulting from personal injuries received by the appellant when an overhead guard on a forklift fell upon his head. The appellee, Clark Equipment Company, is both manufacturer and seller of the forklift and the overhead guard.

The appellant's theories for recovery are based upon strict liability and negligence in design. Because the first question presented concerns liability, it is necessary to consult our standard of review for cases in which the trial court refuses to grant a new trial on the issue of liability.

Rule 59(a)(6) of the Arkansas Rules of Civil Procedure permits the trial court to grant a new trial when the verdict is "clearly contrary to the preponderance of the evidence or is contrary to the law." On appellate review of a trial court's denial of a motion for a new trial, the standard is either whether the decision of the trial court is supported by substantial evidence or

whether there is a clear and manifest abuse of discretion. When the verdict concerns the issue of liability the substantial evidence rule is applicable; but if the issue is damages, we affirm the decision unless there has been a clear and manifest abuse of discretion.

■ The appellant presented much evidence in support of his theories of recovery. The proof offered was clearly substantial. However, when reviewing the trial court's refusal to set aside a jury verdict on liability, we view the evidence which is most favorable to the appellee; if there is substantial evidence to support the verdict, we affirm.

Several witnesses, both expert and lay, testified that the appellee was not negligent in the design and manufacture of the overhead guard. John Morris Squire was called by both parties and testified that he had retired from Clark Equipment Company as director of engineering and that he was familiar with the forklift and overhead guard involved in this case. He further testified that the guard had been tested to the Industrial Truck Standards and later to the American Society of Mechanical Engineers Standard B-56. Squire stated that the design complied with industry standards and had been tested at an equivalent of 10,000 hours of use and that guards with hinge points like the guard in question were tested for endurance and passed. The appellee, Squire asserted, led the field in technology when the forklift was sold and delivered.

The parts manual and operator's guide were shipped with the forklift in 1966. The literature furnished with the forklift and guard showed the retractable feature that was designed to allow the guard to be moved in order to reach the large battery in its position under the operator's seat. The testimony revealed that; if bolts were missing, the guard would have been making a rattling noise audible to the operator and a shaking motion detectable to his touch.

In *Smith* v. *Pettit*, 300 Ark. 245, 778 S.W.2d 616 (1989), this court dealt with the issue of a trial court's refusal to set aside a jury verdict on the allegation that the award was inadequate. We stated: "When the primary issue is the alleged inadequacy of the award, rather than a question of liability, we will sustain the trial judge's denial of a new trial unless there is a clear and manifest

abuse of discretion." On the other hand, in considering the refusal to grant a new trial on the liability issue, we have held that: "Where a motion for a new trial is based on the allegation that the jury verdict was clearly against the preponderance of the evidence we will not reverse the denial of the motion if there is substantial evidence to support the verdict, giving it the benefit of all reasonable inferences permissible under the proof." *Scott* v. *McClain*, 296 Ark. 527, 758 S.W.2d 409 (1988).

In *Warner* v. *Liebhaber*, 281 Ark. 118, 661 S.W.2d 399 (1983), we said: "We sustain the trial judge's denial of a new trial when the verdict is supported by substantial evidence and when, as is the usual case, the primary issue is that of liability." The *Warner* opinion went on to hold that "[W]hen the only argument on appeal is the inadequacy of the award, we think our rule should be to sustain the trial judge's denial of a new trial *absent a clear and manifest abuse of discretion*, a standard of review similar to that we follow when the primary issue is liability and the trial judge has granted a new trial."

In the present case, the issue is liability; the standard of review is whether the verdict is supported by substantial evidence. We hold that here the verdict was supported by substantial evidence. Therefore, it will not be necessary for us to reach the second issue concerning the refusal of an instruction on punitive damages.

Affirmed.