Charles T. HODGES and Ruby P. Hodges *v.* JET ASPHALT and Rock Company, Inc., and Farris Johnson

90-161                                        808 S.W.2d 775

Supreme Court of Arkansas
Opinion delivered May 13, 1991

*Kinard, Crane, & Butler,* by: *Mike Kinard,* for appellant.

*Smith, Stroud, McClerkin, Dunn & Nutter,* by: *R. Gary Nutter* and *Carol J. Dalby,* for appellee.

ROBERT L. BROWN, Justice. The appellants in this case, Charles T. Hodges and Ruby P. Hodges, who were plaintiffs below in this tort action, raise one point on appeal. They contend that the trial judge erred in denying their motion for a new trial and in finding that the jury verdict was not clearly against the preponderance of the evidence.

We disagree and affirm the trial judge's decision.

This case concerns a traffic accident between appellant Ruby P. Hodges, who was driving a Chevrolet Caprice, and appellee Farris Johnson, who was driving a three-axle dump truck owned by appellee Jet Asphalt and Rock Company, Inc. The accident occurred on August 31, 1988, at approximately 3:30 p.m. on U.S. Highway 79 within the city limits of Stephens, Arkansas. Hodges, with her two-year-old son in the passenger seat, was making a left turn across the south-bound lane into her driveway when her car was struck by Johnson's dump truck. Johnson was attempting to pass Hodges in the left lane and had signaled with his blinker light, but he did not sound his horn while passing. Both Hodges and her son sustained injuries.

Hodges filed a negligence action against the appellees, complaining of physical and emotional injuries and asking for damages of $500,000 against each appellee. Her husband joined her in the complaint, seeking $50,000 for loss of consortium. The couple asked for $100,000 for physical and emotional injuries to their son.

The case was presented to the jury on October 3, 1989, on interrogatories without objection by the appellants. In two separate interrogatories the jury answered that it had found by a preponderance of the evidence that Johnson and Hodges were each negligent and that each person's negligence proximately caused damages. The third interrogatory and answer read:

Interrogatory No. 3

If you have answered both Interrogatory No. 1 and Interrogatory No. 2 "Yes," then answer this Interrogatory:

Using 100% to represent the total responsibility of the occurrence and any injuries or damages resulting from it, apportion the responsibility between the parties whom you have found to be responsible.

Answer:   Farris Johnson 15%

Ruby Hodges 85%

The jury then in separate interrogatories stated these amounts for damages sustained: $75,000 by Ruby Hodges, $10,000 by her husband, and $10,000 by their son.

Judgment, which awarded $10,000 to the son but denied any recovery to Hodges or her husband, was entered by the trial court on October 23, 1989. The appellants filed a motion for new trial, asserting that the verdict was both too small and clearly against the preponderance of the evidence. The trial court denied that motion. The $10,000 award in favor of the son has been paid and is not part of this appeal.

The appellants' principal argument on appeal is that the trial judge erred in refusing to grant a new trial, but underlying that is their contention that the jury was wrong in its assessment of fault. Particularly, the appellants contend that Hodges could not have

been eighty-five percent negligent under the evidence presented in this case, and especially because the lead vehicle has the superior right of way. For the appellants to take anything under our comparative fault statute, the appellees must be more at fault than the appellants. *See* Ark. Code Ann. § 16-64-122 (1987).

██ Our test for reviewing the denial of a motion for new trial, however, is whether there is any substantial evidence to support the jury verdict. *See Ferrell* v. *Southern Farm Bureau Casualty Insur. Co.*, 291 Ark. 322, 724 S.W.2d 465 (1987). In determining the existence of substantial evidence, we must view the evidence in the light most favorable to the appellees. *See Egg City of Arkansas, Inc.* v. *Rushing*, 304 Ark. 562, 803 S.W.2d 920 (1991). Substantial evidence compels a conclusion one way or the other and is more than mere speculation or conjecture. *See Sander* v. *Walker*, 298 Ark. 374, 767 S.W.2d 526 (1989).

One major bone of contention at trial was whether Hodges made a left turn signal prior to turning. She testified that she did, and her expert testified that the filament in the left-turn blinker bulb had oxidized, which meant it was on at the time it was broken. Johnson said he did not see either a blinker signal or brake lights; nor did a third-party witness traveling south in her car toward the two vehicles. An expert for the appellees testified that the bulb for the blinker and the brake were the same and the oxidized filament could just as well have been the brake-light filament. The appellants' expert also admitted this. The jury apparently chose to believe the appellees on the issue of Hodges' failure to signal. There was testimony, too, that Hodges had worked the 11:00 p.m. to 7:00 a.m. shift at a convenience store the night before and had taken only a two-hour nap prior to the time that the accident occurred. Hodges also testified that she did not see Johnson's truck until just before the collision and never saw the third-party vehicle.

██ The jury evaluated and weighed this testimony, and other testimony as well, as it was required to do, and then made its decision. It was, of course, within the jury's province to believe or disbelieve the testimony of any witness. *See Fuller* v. *Johnson*, 301 Ark. 14, 781 S.W.2d 463 (1990). We hold that the evidence which was presented to the jury on the appellees' behalf was substantial. Accordingly, the trial court was correct in denying

470

the motion for new trial.

Affirmed.