Walter A. JOHNSON & Rebecca Goetzman, Executrix of
Lilly A. Johnson, Deceased *v.* Katherine & William
CLARK

91-271                                    832 S.W.2d 254

Supreme Court of Arkansas
Opinion delivered June 15, 1992

*McDaniel & Wells, P.A.*, by: *John Bartlett*, for appellants.

*Snellgrove, Laser, Langley, & Lovett*, by: *Glenn Lovett, Jr.*

DAVID NEWBERN, Justice. This is an automobile accident
case in which a jury returned answers to interrogatories stating
neither driver was negligent. The central issue is whether the
verdict based upon the interrogatory answers is sufficiently
contradicted by the physical evidence presented that a new trial
should have been granted. We hold the Trial Court properly
overruled the new trial motion.

Walter Johnson, the appellant, and his wife Lilly, were traveling north on Highway 49 near an intersection with Interstate 40 in Monroe County. The appellee, Katherine Clark, pulled on to Highway 49, headed north, from a roadside restaurant near the intersection with Interstate 40 at a point where there were four lanes of traffic, two northbound and two southbound.

Clark intended to enter Interstate 40 and head west toward Little Rock. To do so she had to make a right turn from the restaurant and proceed left across all the lanes of Highway 49. The distance between the point at which she entered Highway 49 and the point where she was to turn left onto the ramp was four or five car lengths. She testified she "angled across" the northbound lanes to make her turn when the impact occurred. She said she looked but saw no oncoming vehicle.

Walter Johnson testified he saw the Clark vehicle suddenly swerve in front of him. He swerved left into the southbound Highway 49 lane but was unable to avoid the collision. As a result of the impact the Johnson vehicle's right front bumper was locked under the Clark left front fender.

Chandra Scarbrough, Clark's 23 year old daughter, testified that the impact occurred as her mother merged left into the left northbound lane. Leon Gant, an officer who investigated, offered a diagram showing the vehicle paths and the point at which they came to rest which was slightly in the southbound inside lane of Highway 49 near the interstate highway ramp. He said he had written on the report that Clark told him at the scene that she was making a left-hand turn onto I-40 and did not see [the Johnson] vehicle #1, causing the accident, but agreed that "causing the accident" were probably his words rather than Clark's.

Johnson moved for a new trial on the ground that the verdict was against the preponderance of the evidence. He argues it was error to deny the motion. He contends the accident could not have occurred absent negligence, thus the jury's answers to interrogatories showing no negligence by either party are inconsistent. He also argues the Trial Court erred in finding that he and Mrs. Johnson were joint venturers, a question we need not address as there will be no need to retry the case.

### New trial and inconsistent verdicts

■ On review of a trial court's denial of a motion to set aside a jury verdict on liability, the question is whether the verdict is supported by any substantial evidence. *Harper* v. *Clark Equip. Co.*, 300 Ark. 413, 779 S.W.2d 175 (1989). The evidence most favorable to the appellee is given the benefit of all reasonably permissible inferences. *Scott* v. *McClain*, 296 Ark. 527, 758 S.W.2d 409 (1988). Only when there is no reasonable probability that the incident occurred according to the version of the prevailing party or where fair-minded persons can only draw a contrary conclusion that a jury verdict will be disturbed. *Blissett* v. *Frisby*, 249 Ark. 235, 458 S.W.2d 735 (1970).

Clark testified she did not see the Johnson vehicle and she was in the proper lane when she began her turn from Highway 49 onto the Interstate 40 ramp. She said she was able to travel a short distance along the centerline of Highway 49 before beginning her turn across the southbound lanes and onto the Interstate 40 ramp. Johnson testified he was in the proper lane and Clark turned into his path because she failed to keep a proper lookout. There was thus conflicting evidence.

■ The jury was correctly instructed, without objection, that the fact that there was an accident does not necessarily mean there was negligence on anyone's part. The jury evaluated and weighed the testimony as it was required to do and may have chosen to believe a portion of the testimony of each party. It is within the province of the jury to believe or disbelieve the testimony of any witness, *Hodges* v. *Jet Asphalt*, 305 Ark. 466, 808 S.W.2d 775 (1991); *Fuller* v. *Johnson*, 301 Ark. 14, 781 S.W.2d 463 (1990).

■ Unlike *Stephens* v. *Saunders*, 293 Ark. 279, 737 S.W.2d 626 (1987), the defendant's testimony and arguments are not "so much at variance with the physical evidence and the testimony of the other witnesses" that the defendant's verdict must be overturned. We cannot say the physical evidence here is that compelling.

Affirmed.