Nell OLMSTEAD *v.* Don MOODY, d/b/a/ Moody's Pharmacy

92-667                                     842 S.W.2d 26

Supreme Court of Arkansas
Opinion delivered November 23, 1992

*Kinard, Crane & Butler, P.A.*, for appellant.

*Atchley, Russel, Waldrop & Hlavinka, P.A.*, by: *Alan Harrel*, for appellee.

DONALD L. CORBIN, Justice. Appellant, Nell Olmstead, brought this action against appellee, Don Moody, for negligence. Her complaint alleged appellee was negligent in continuing to refill appellant's prescription for Prednisone, which is a steroid, for twenty-eight (28) months. Appellant alleged Mr. Moody knew, or should have known, the drug would have adverse effects on the health and well-being of appellant, and he knew the drug could not be refilled without specific authorization from a physician. Appellant also asked for punitive damages alleging appellee or his agents or employees added the code "PRN," which indicates that the prescription may be refilled without further orders from the physician, to the prescription and that the addition of that code constitutes intentional and willful conduct on the part of appellee.

A jury trial was held and the jury found both appellant and

appellee were negligent and that each of their negligence was a proximate cause of appellant's injuries. The jury further apportioned responsibility for appellant's injuries and damages fifty percent (50%) to appellant and fifty percent (50%) to appellee. Consistent with the assessment of liability, the jury awarded appellant no compensatory damages, but awarded punitive damages to appellant in the amount of twenty-seven thousand dollars ($27,000.00). Since there was no award of compensatory damages, judgment was entered for appellee, which was correct according to our decisions in this area. *See Williams* v. *Carr*, 263 Ark. 326, 565 S.W.2d 400 (1978); *see also Hale* v. *Ladd*, 308 Ark. 567, 826 S.W.2d 244 (1992); *Bell* v. *McManus*, 294 Ark. 275, 742 S.W.2d 559 (1988).

Appellant moved for a new trial contending the jury verdict was clearly against the preponderance of the evidence. The trial court did not rule on the motion for a new trial within thirty (30) days and it was deemed denied pursuant to operation of law. Ark. R. App. P. 4(c). On appeal, appellant contends the trial court erred in failing to grant a new trial pursuant to Ark. R. Civ. P. 59. We have jurisdiction pursuant to Ark. Sup. Ct. R. 29(1)(o).

Appellant's sole argument on appeal is that the trial judge erred in refusing to grant a new trial. The real issue underlying this argument is that the jury was wrong in its assessment of fault. *See Hodges* v. *Jet Asphalt*, 305 Ark. 466, 808 S.W.2d 775 (1991).

"[W]e do not review an apportionment of comparative negligence if fair minded men might differ about it (which is essentially the same test as that of substantial evidence)." *Johnson* v. *Cross*, 281 Ark. 146, 148, 661 S.W.2d 386, 387 (1983). In determining whether there is substantial evidence to support the verdict, we look at the evidence most favorable to the appellee, giving appellee the benefit of all reasonably permissible inferences. *Johnson* v. *Clark*, 309 Ark. 616, 832 S.W.2d 254 (1992). "Only when there is no reasonable probability that the incident occurred according to the version of the prevailing party or where fair-minded persons can only draw a contrary conclusion" will a jury verdict be disturbed. *Id.* at 618, 832 S.W.2d at 254.

Appellant argues that since the jury found appellee was

reckless when they awarded punitive damages and only found appellant was negligent, they could not possibly have attributed responsibility for appellant's injuries 50/50 since recklessness is a higher standard than negligence. Appellant is correct that recklessness is a higher standard than negligence, but what appellant fails to note is that the jury was not asked to decide whether appellant was reckless. A finding of negligence does not necessarily preclude a finding of recklessness. In the absence of an interrogatory to the jury asking the jury to state whether they found appellant was reckless, we cannot say the jury found appellant was negligent, but not reckless. The jury could have determined appellant was both negligent and reckless as they did with appellee. In this situation, a finding of 50% responsibility for appellant would have been justified.

█ █   The jury "is the sole judge of the credibility of the witnesses and of the weight and value of their evidence, and may believe or disbelieve the testimony of any one or all of the witnesses, *though such evidence be uncontradicted and unimpeached.*" *Takeya* v. *Didion*, 294 Ark. 611, 613, 745 S.W.2d 614 (1988) (emphasis theirs) (quoting *Morton* v. *American Medical Int'l, Inc.*, 286 Ark. 88, 689 S.W.2d 535 (1985)). Looking at the evidence most favorable to appellee with the benefit of all reasonably permissible inferences, there was evidence appellant continued taking Prednisone for twenty-eight (28) months without consulting Dr. Williamson, who originally prescribed it for her. There was also evidence from which the jury could infer Dr. Williamson informed appellant that Prednisone was a steroid, explained the use and effect of the drug to appellant, and informed appellant she should only be taking Prednisone for fourteen (14) days and the prescription was not refillable. There was evidence that appellant had gotten a prescription from another doctor, Dr. Farmer, which she was supposed to take for only six months and had refilled that prescription for more than a year after she was supposed to have stopped using it. Appellant did not inform her family doctor, Dr. Farmer, that she was taking Prednisone for over two years even though she was taking it on a daily basis and was seeing him frequently during that time for other medical problems. Appellant had self-medicated in the past and Dr. Farmer had previously warned appellant that she should not self-medicate. This

constitutes substantial evidence from which the jury could have found appellant was fifty percent (50%) responsible for her own injuries.

■ Appellant also contends "there was uncontroverted, unrefuted and unchallenged evidence as to compensatory damages" and it was, therefore, error for the jury to assess appellant's damages at zero. While there was evidence appellant suffered some damages due to her extended use of steroids, appellant's own physician, Dr. Farmer, testified that many of the complaints appellant attributed to the prolonged steroid use could have occurred even in the absence of the steroid use. Appellant argues the holding of *Hale* v. *Ladd*, 308 Ark. 567, 826 S.W.2d 244 (1992), requires reversal. In *Ladd*, there was unrefuted evidence the plaintiff suffered pecuniary damage attributable to the defendant's actions. The jury found plaintiff suffered no compensatory damages, but awarded punitive damages in the amount of $7,500.00. The judge vacated the award of punitive damages and entered judgment for the defendant. We reversed for a new trial finding the verdict was not based on substantial evidence. *Ladd* is distinguishable because in *Ladd* the plaintiff's negligence was not in issue. Here, the jury found appellant and appellee equally responsible and a plaintiff is unable to recover compensatory damages when the plaintiff is equally at fault with the defendant. The jury's finding that no compensatory damages were incurred by appellant in this case, even if not technically correct, reached the correct result. The jury had properly been instructed appellant would recover nothing if the jury attributed fault equally.

The denial of the motion for a new trial was correct.

Affirmed.