Don GARRETT and Doris Garrett *v.* Ronnie BROWN

94-959                                        893 S.W.2d 784

Supreme Court of Arkansas
Opinion delivered February 27, 1995

*Murrey L. Grider*, for appellants.

*Bradley & Coleman*, by: *Jon R. Coleman* and *Robert J. Gibson*, for appellee.

ROBERT L. BROWN, Justice. Appellants Don Garrett and Doris Garrett appeal on the basis that the trial court erred in two respects: (1) by failing to grant a directed verdict at trial in their favor, and (2) by failing to order a new trial due to the inadequate damages awarded and to the prejudicial testimony of Don Garrett's alcohol consumption. Neither point has merit in our judgment, and we affirm.

On March 20, 1992, the Garretts were traveling east on a motorcycle on Highway 67 (Main Street) in Walnut Ridge. Don Garrett was the driver and Doris Garrett was the passenger. At the same time, appellee Ronnie Brown was exiting from a Worthen Bank driveway. He crossed the two westbound traffic lanes of Highway 67 and began to turn east in the inside lane. It is disputed whether the Garretts changed from the outside lane to the inside lane as they traveled east. It is further disputed whether Brown's vehicle hit the Garretts' motorcycle from the rear or whether the motorcycle struck the car. In any case the motorcycle and the car collided, the motorcycle turned over, and both of the Garretts were injured.

The Garretts filed a complaint against Brown for negligence and sought damages for property loss, medical expenses, loss of work time and diminished earning capacity, and pain and suffering. Brown answered and alleged that Don Garrett's fault proximately caused the accident. At trial, Don Garrett testified that he turned onto the inside lane of Highway 67 and was moving east when his motorcycle was hit. Doris Garrett testified that the motorcycle was struck by the Brown vehicle "behind my leg."

Ronnie Brown and his passenger, Curtis Neal Fain, testified to the following. Brown asked Fain whether the eastbound traffic lane was clear, and Fain answered that it was. At that point, according to Fain, the Garrett motorcycle was in the outside lane. Fain stated that as the Brown car pulled out of the Worthen Bank driveway, the Garrett motorcycle began to change from the outside lane to the inside lane. When Brown saw the motorcycle, he tried to veer away, but there were two trucks pro-

ceeding toward him in the westbound lane. Brown stated that the front grill of his car was not damaged but that the front tire area and right front fender showed marks of a collision. Brown added that when he rolled Don Garrett over following the accident, Garrett was wet and smelled of alcohol. He also noticed a beer can at the scene of the accident. The investigating police officers did not detect the smell of alcohol; nor did they test Garrett for his blood/alcohol content.

At the conclusion of all the evidence, the Garretts moved for a directed verdict on the issue of their liability. The motion was denied, and the trial court instructed the jury on comparative fault. The jury found for the Garretts and awarded damages of $2,315.86 to Doris Garrett and $3,168.82 to Don Garrett. Judgment was entered accordingly. The Garretts then moved for a new trial on the basis of grossly inadequate damages and abuse of discretion in permitting evidence of Don Garrett's alcohol consumption. The trial court did not rule on the motion within 30 days, and it was deemed denied.

The Garretts' first point on appeal is that the trial court erred in refusing to direct a verdict in their favor on the issue of their own negligence and in instructing the jury on comparative fault. We disagree. In the past, we have made clear the test for our review of a trial court's ruling on a motion for directed verdict:

> The test for the trial court in ruling on a motion for a directed verdict by either party is to take that view of the evidence that is most favorable to the non-moving party and give it its highest probative value, taking into account all reasonable inferences deducible from it; after viewing the evidence in this manner, the trial court should: (1) grant the motion only if the evidence is so insubstantial as to require that a jury verdict for the non-moving party be set aside, or (2) deny the motion if there is substantial evidence to support a jury verdict for the non-moving party. *Farm Bur. Mut. Ins. Co.* v. *Henley*, 275 Ark. 122, 628 S.W.2d 301 (1982). Substantial evidence is that which is of sufficient force and character that it will compel a conclusion one way or another. It must force or induce the mind to pass beyond a suspicion or conjecture. *Id.*

*Kinco* v. *Schueck Steel, Inc.*, 283 Ark. 72, 76, 671 S.W.2d 178,

180-181 (1984); *see also Precision Steel Warehouse, Inc.* v. *Anderson-Martin Machine Co.*, 313 Ark. 258, 854 S.W.2d 321 (1993); *Young* v. *Johnson*, 311 Ark. 551, 845 S.W.2d 509 (1993); *Williams* v. *Smart Chevrolet Co.*, 292 Ark. 376, 730 S.W.2d 479 (1987).

With this test in mind, we turn to the proof presented of the Garretts' negligence. There was testimony at trial that the Garrett motorcycle changed lanes without checking to see if the inside lane was occupied which was a factor in the accident. There was further testimony that the point of impact on the Brown vehicle was at the right front side and that the right front fender had been pulled away above the right front wheel, indicating that the Garrett motorcycle struck the car rather than that the car hit the motorcycle from the rear. Brown's friend, Fain, and Brown himself also testified to the smell of alcohol about Don Garrett.

■■ This case, admittedly, represents something of a swearing match between the parties. Ultimately, the weight and value to be given the testimony of witnesses lies within the exclusive province of the jury. *Pineview Farms, Inc.* v. *A.O. Smith Harvest Store, Inc.*, 298 Ark. 78, 765 S.W.2d 924 (1989). Viewing the proof in the light most favorable to Brown, we cannot say that it does not represent substantial evidence of fault on the part of the Garretts. The trial court did not err in its ruling.

For their second point, the Garretts contend that the trial court abused its discretion in failing to grant a new trial due to insufficient damages and to the testimony of alcohol consumption in connection with Don Garrett. They contend that they sustained $3,250 for damage to the motorcycle; $90 for a towing bill; $1,768.82 for Don Garrett's medical expenses; $1,400 for Don Garrett's lost wages; $1,653.37 for Doris Garrett's medical expenses; $244 a week for three weeks for her lost wages; and damages for pain and suffering. The jury awarded Don Garrett $3,168.82 and Doris Garrett $2,315.86.

■ Regarding the first prong of this argument, our rules concerning new trials state that error in the assessment of recovery, whether too large or too small, is a ground for a new trial even in the absence of other trial error. Ark. R. Civ. P. 59(a)(5); *Kempner* v. *Schulte*, 318 Ark. 433, 885 S.W.2d 892 (1994). Where the primary issue is the alleged inadequacy of the jury's award, this court will sustain the trial court's denial of the motion for

new trial unless there is a clear abuse of discretion. *Id.* An important consideration in this analysis is whether a fair-minded jury might reasonably have fixed the award at the amount advocated by the appellant. *Id.* The jury may believe or disbelieve the testimony of one or all of the witnesses, even when the evidence is uncontradicted. *Id.*

The Garretts urge that the jury failed to make any award for pain and suffering or for property damage. It does appear that the damages awarded did approximate medical expenses for the Garretts, lost wages, and a towing bill. Nevertheless, we will not engage in speculation on how the jury verdicts were reached. There was testimony that only the plastic windshield and plastic saddle bags of the motorcycle were damaged in the wreck and that the motorcycle had 37,000 miles at the time of the accident. There was also testimony that the motorcycle was going at a slow rate of speed at the time of the accident; that Don Garrett was released from the Emergency Room of the hospital on the day of the accident with a prescription for pain medication; and that Doris Garrett told an investigating police officer that she was doing "fine" at the hospital after the accident. The jury may have decided that the Garretts did not experience pain and suffering, or it may have awarded damages for pain and suffering and not for some of the medical expenses. Again, it would be pure crystal ball gazing to attempt to divine the origin for these amounts. The Garretts could, of course, have submitted interrogatories requesting that the jury allocate its damage award. They did not do this and, as a result, we are left only to speculate about the awards which we will not do. *Hubbard* v. *Jackson*, 298 Ark. 93, 766 S.W.2d 2 (1989).

In this same vein, the Garretts argue that the jury failed to make an award for three weeks of Doris Garrett's lost wages. Specifically, they argue that the jury incorrectly based the damage award on net pay rather than on gross pay. The Garretts are correct that, ordinarily, the proper measure of damages for wage loss is the gross amount of the wages. *Cates* v. *Brown*, 278 Ark. 242, 645 S.W.2d 658 (1983). Be that as it may, the Garretts invited this error when they submitted an exhibit by stipulation which showed the jury Doris Garrett's net pay. We will not reverse a judgment based on an error invited by the appellant. *See Security Pacific Housing Services, Inc.* v. *Friddle,* 315

Ark. 178, 866 S.W.2d 375 (1993); *Schmidt* v. *McIlroy Bank & Trust*, 306 Ark. 28, 811 S.W.2d 281 (1991).

The second prong of the Garretts' argument is that a new trial is warranted because the trial court erred in allowing evidence of Don Garrett's consumption of alcohol. This point has no merit because the Garretts failed to preserve the issue for our review. They moved in limine on April 20, 1994, and requested that the court exclude any evidence of alcohol in connection with Don Garrett. Though counsel for Brown admits to a ruling in his brief, we find no evidence in the record that the trial court ever ruled on the motion. Moreover, the Garretts did not object to Brown's or Fain's testimony at trial regarding the smell of alcohol on Garrett. The failure to bring up a record showing a ruling on the motion in limine and the failure to object to the testimony precludes us from considering this point as a basis for a new trial. *McDonald* v. *Wilcox*, 300 Ark. 445, 780 S.W.2d 17 (1989).

In short, a fair-minded jury could reasonably have fixed the awards in the challenged amounts. *National Bank of·Commerce* v. *McNeill Trucking Co.*, 309 Ark. 80, 828 S.W.2d 584 (1992). We hold that there was no abuse of discretion by the trial court in denying the motion for a new trial. *Younts* v. *Baldor Electric Co.*, 310 Ark. 86, 832 S.W.2d 832 (1992).

Affirmed.