Robert R. CORTINEZ *v.* Brenda K. BRIGHTON

94-919                                          894 S.W.2d 919

Supreme Court of Arkansas
Opinion delivered March 20, 1995

*The Cortinez Law Firm, P.A.*, by: *Robert S. Tschiemer*, for appellant.

*Evans Law Office*, by: *Janie M. Evans*, for appellee.

ANDREE LAYTON ROAF, Justice. This case is an appeal from the denial of a request for sanctions under Ark. R. Civ. P. 11. We take jurisdiction under Ark. Sup. Ct. R. 1-2(a)8.

Robert Cortinez, appellant, was appellee Brenda Brighton's attorney in a divorce action in Garland County. On May 31, 1989, Brighton's husband quitclaimed his interest in two condominiums to Brighton and the parties were divorced June 1, 1989. There remained a dispute over the ownership of two boat slips located

near the condominiums. On September 6, 1989, the judge in the divorce proceedings held the boat slips were personal property and that Brenda Brighton was the owner of those slips. As part of her payment for attorney fees to Cortinez, Brighton had conveyed her interest in one of the Hot Springs condominiums to him on May 30, 1989. It is with that transfer that the current case begins.

After the divorce, Brighton attempted to set aside the transfer of the condominium to Cortinez but did not prevail in that attempt. A dispute then arose between Brighton and Cortinez as to the ownership of the boat slip for the condominium conveyed to Cortinez. Brighton asserted it was hers by virtue of the September 1989 order finding it to be personal property, and pointed out that the agreement to sell the condominium to Cortinez included no mention or reference to the boat slip. On November 27, 1990, Cortinez sent a letter to Brighton's attorney in which he asserted his ownership of the boat dock and threatened Brighton with criminal trespass if she "sets foot on the boat dock." Brighton moved to Pulaski County in August 1992.

On August 4, 1993, Brighton filed an unlawful detainer action in Garland County against Cortinez, which he moved to dismiss on several grounds, including statute of limitations and res judicata. The trial court denied the motion and ordered Cortinez to file an answer to the complaint. Cortinez filed an answer on November 8, 1993, in which he first raised the issue of improper venue. On January 13, 1994, Cortinez moved to dismiss on the basis that venue was improper because both parties were residents of Pulaski County. On March 8, 1994, the trial court granted the dismissal on the basis of improper venue.

On March 18, 1994, Cortinez filed a motion under Rule 11 for attorney's fees. He based his request on a claim of "bad faith" on the part of Brighton for filing suit in Garland County when she knew the property involved was personal property and that both the parties were Pulaski County residents.[1] Brighton responded that Cortinez had waived any question of venue under Ark. R. Civ. P. 12(g) by failing to raise this issue in his motion to dismiss. A hearing on Rule 11 sanctions was held on April 25, 1994. The trial court held that if any mistake had been made

---

[1]Appellant stated that the proper venue statute was § 16-60-116.

on the part of Brighton's attorney, the mistake was made in good faith and therefore the award of any fees to Cortinez would be denied. Cortinez appeals from that order.

Cortinez argues that the trial court misconstrued Rule 11 when it found Brighton had not acted in bad faith with respect to filing in the wrong county. The correct test for Rule 11 he argues, is not whether the error was one of good or bad faith, but whether the error could have been avoided if "reasonable inquiry" were made. Cortinez argues:

> The court, by misinterpreting Rule 11, has not grasped the purpose of Rule 11, namely that it is not intended to only discourage intentional and malicious conduct, but also negligent conduct. Here at the minimum, the appellee's conduct, and that of her attorney, would be classified as failure to reasonably inquire about the facts and the law prior to filing litigation.

■ Appellant's general statement of the law on Rule 11, is essentially correct. There is no longer a subjective component to a review of attorney error. The test is an objective one: would the attorney have discovered the mistake of law or fact upon reasonable inquiry? *Ward* v. *Dapper Dan Cleaners*, 309 Ark. 192, 828 S.W.2d 833 (1992). "Good faith" enters in to the inquiry only when the law relied on is incorrect. The court then decides whether that reliance can be supported by a "good faith argument for the extension, modification, or reversal of existing law." Ark. R. Civ. P. 11.

■ While there is arguably some merit to the point appellant makes on appeal, we do not address the argument as it has not been preserved for appeal. During the Rule 11 hearing, appellant alleged that appellee was well aware of appellant's residency and the personal property status of the boat slip when she filed the case in Garland County. However, his argument was limited to whether the mistake was one of good or bad faith. The following exchange between the trial court and appellant reveal the limited ground on which appellant argued to the trial court.

> Court: Is the defense saying that the argument was not made in good faith? Can there not be a mistake in good faith, thereby avoiding attorney's fees?

Appellant's attorney: Your honor, we believe that —

Court: That is a question from the court. I am not baiting you. I am just — I am looking at the rule now.

Appellant's attorney: We do not believe that the Plaintiff in this case made the argument in good faith. Your honor, the Plaintiff herself has had four or five attorneys. She is well aware of the legal system. She knew she was a Pulaski County, Arkansas resident. She knew Mr. Cortinez was a Pulaski county resident. We do not think it was made in good faith.

\* \* \* \*

Court: And let us assume just for the purposes of argument that Ms. Evins made a mistake. Let us assume that, I am not holding that, but as I read the rule, I would have to find that it was not made in good faith, and Ms. Evins was just a tool of the plaintiff to harass and so forth. I am at a loss — I would be at a loss to find that in this case because of this history of it — I had to review — this file almost encompasses the file of a part of the litigation apparently down in Judge Smitherman's court, and it appears that it has been hard fought on both sides. So the court is going to deny attorney's fees and costs, and Ms. Evins, you prepare the order.

Ms. Evins: Thank you, your honor.

Court: I just cannot find — again let us assume there was a mistake. I think if it was a mistake, it was not a mistake that was in bad faith. All right. Thank you.

That was the end of the proceedings. No further comments were made by appellant and the order filed pursuant to this hearing stated that the motion for attorney's fees was denied on the "basis of the court's ruling . . . set out in the transcript of the hearing."

A review of the above portion of the hearing makes it clear the point argued on appeal was not raised below. On appeal, appellant argues the trial court applied the wrong test — that it is not a question of good or bad faith in making the error, but rather, the question is whether the mistake would have occurred

if a reasonable inquiry had been made. Below however, this point and argument were never made to the trial court. In fact, the trial court specifically asked appellant if it would be possible to avoid attorney's fees if a mistake were made in good faith. Appellant did not disagree with this statement. Rather, appellant impliedly agreed with the trial court by simply continuing his "bad faith" argument.

While the trial court's test was not the correct test for a Rule 11 question, that is not relevant to the question of preserving an issue for appeal. If the grounds for an objection are changed on appeal, that is, raised for the first time on appeal, the argument is waived. *Walker* v. *State*, 301 Ark. 218, 783 S.W.2d 44 (1990); *Vasquez* v. *State*, 287 Ark. 473-A, 702 S.W.2d 411 (1986). Even if there has been an error of constitutional proportion, if the objection is not properly preserved, it is waived on appeal. *Wilson* v. *State*, 272 Ark. 361, 614 S.W.2d 663 (1981); *Shepherd* v. *State*, 270 Ark. 457, 605 S.W.2d 414 (1980).

Appellant has waived the argument he now makes on appeal, and we affirm the trial court on that basis.

Affirmed.

GLAZE, J., concurs.