Edward Eugene WHITNEY, et al. *v.* HOLLAND RETIREMENT CENTER, INC.

94-1232                                    912 S.W.2d 427

Supreme Court of Arkansas
Opinion delivered January 8, 1996

*Michael W. Hawkins* and *Denny Hyslip*, for appellants.

*Zurborg & Spaulding*, by: *Brian L. Spaulding*, for separate appellant Phyllis Whitney Avalos.

*Arnold, Grobmyer & Haley*, by: *Jacob Sharp, Jr.*, and *David H. Pennington*, for appellee.

TOM GLAZE, Justice. Leo Whitney, eighty-one years old, had been a patient at the Veterans Administration Hospital in Fayetteville, but afterwards was discharged and transported directly to the appellee Holland Retirement Center. During his stay at Holland, Leo left the premises sometime between 10:30 p.m. and 6:00 a.m., was unable to reenter the building because of locked doors, and died of hypothermia as a result of exposure to sub-freezing temperatures. Leo's estate and certain family members brought suit against Holland, alleging Holland negligently (1) failed to instruct Leo on how to reenter the building, (2) admitted Leo without obtaining his medical records, and (3)

failed to make itself aware of Leo's special medical needs or problems. At a jury trial, Holland was found twenty-four percent negligent in causing Leo's death and Leo was found nine percent at fault;[1] the jury awarded the estate zero dollars, but it awarded Robert and Edward Whitney $3,000 and $2,500.[2]

The Whitney estate moved for a new trial, alleging the jury erred in failing to award the estate any damages. The estate further argued the trial court erred during trial when it allowed David L. Moore's deposition read into evidence. Moore is a clinical social worker at the VA Hospital, and he had referred Leo and family to Holland as an appropriate care facility for Leo. After the trial court denied the estate's motion, the estate brings this appeal.

We first consider the estate's argument that the trial court erroneously admitted Moore's pretrial deposition into evidence. The events that led to this trial issue were as follows. Moore's name had been on Holland's witness list, but Moore did not appear when the trial commenced. Because of Moore's failure to appear, Holland issued a subpoena directing Moore to appear in court to testify the next day. Moore again failed to appear. Holland explained to the trial court that VA regulations, entitled "Testimony of Department [of Veteran Affairs] Personnel and Production of Department Records in Legal Proceedings," 59 Fed. Reg. 6564-6570 (1994), made it impossible for Holland to produce Moore as a live witness. During a recess, and with trial counsel present, the trial court telephoned the VA District General Counsel's office, which informed the court that, if Moore appeared and testified at trial, Moore would violate the VA regulations. VA's counsel informed the trial court that he had directed Moore not to obey the court's subpoena.

When Holland asked that Moore's deposition be read into evidence because of Moore's unavailability, the estate objected, stating Holland should have subpoenaed Moore earlier. The

---

[1] The estate in this appeal does not question the jury's assignment of negligence in the amount of thirty-three percent and its failure to account for the remaining sixty-seven percent.

[2] A Phyllis Whitney Avalos was separately denied any damages or award.

estate also argued that, when Moore's deposition was taken fourteen months prior to trial, the deposition was considered one of discovery and not for evidentiary purposes. The estate claimed that, if the deposition was admitted, it would be prevented proper and effective cross-examination of Moore.

Citing Ark. R. Civ. P. 32(a)(3)(D) and (E), the trial court allowed Holland to introduce Moore's deposition into evidence. In sum, the trial court ruled Holland could use Moore's deposition because Holland had been unable to procure Moore's appearance. It also found that such exceptional circumstances existed as to make it desirable, in the interest of justice and with due regard to the importance of presenting Moore's testimony in open court, to allow his deposition to be used. We hold the trial court ruled correctly.

■ We initially point out that, although not argued below, the estate now contends the VA regulations involved here do not prohibit a VA employee, like Moore, from testifying at a court proceeding, but instead only establish the procedure to follow when VA personnel are requested to provide testimony or to produce documents. The estate argues that Holland's failure to follow the VA regulations in seeking Moore's court appearance did not amount to an exceptional circumstance under Rule 32(a)(3)(E). We are unable to consider this specific argument since it was not presented to the trial court below. It is well settled that, if the grounds for an objection are changed on appeal, the argument is considered raised for the first time on appeal and the argument is waived. *Cortinez* v. *Brighton*, 320 Ark. 88, 894 S.W.2d 919 (1995).

The estate argued below, and argues now on appeal, that an implied agreement existed between the parties that Moore's deposition was only for discovery purposes. The estate's counsel claims this implied agreement was borne out by Holland never indicating until trial that Moore would not be called as a live witness. The estate relies upon *Goodwin* v. *Harrison*, 300 Ark. 474, 780 S.W.2d 518 (1989), which in relevant part related the following:

> In *Shelter Mutual Ins. Co.* v. *Tucker*, 295 Ark. 260, 748 S.W.2d 136 (1988), we note that ARCP Rule 32 outlines the use of depositions; it does not distinguish between

discovery depositions and evidentiary depositions. Yet, we know that members of the bar commonly describe depositions as being either discovery or evidentiary. Here, the parties and the court obviously thought that they were dealing with "discovery" depositions, and accordingly, there was an implied agreement that they were not evidentiary depositions and could not be used as evidence at the trial. Thus, appellant waived the literal wording of ARCP Rule 32.

■ In *Goodwin*, the parties' and the trial court's understanding before trial was that plaintiff's counsel would not use a doctor's discovery deposition as an evidentiary deposition. In view of this agreement and understanding, this court held the plaintiff had waived Rule 32 and therefore could not introduce the doctor's deposition at trial. Here, we note that, unlike in *Goodwin*, the party seeking introduction of the witness's deposition did attempt to subpoena the witness. In fact, the record reflects the witness, Moore, had received the subpoena, and except for VA regulations, would have appeared in court pursuant to the subpoena. Also unlike in *Goodwin*, the record here reveals the parties never limited the use of Moore's deposition, nor did the trial court elicit from counsel that Moore's deposition would not be utilized at trial. The trial court went to considerable trouble in determining whether Moore was available and in deciding whether exceptional circumstances existed warranting the admission of Moore's deposition. We conclude that the trial court did not abuse its discretion in ruling as it did. *See Ouachita Mining & Exploration, Inc.* v. *Wigley*, 318 Ark. 750, 778 S.W.2d 526 (1994).

■ Before leaving this issue, we take this opportunity to reiterate that Rule 32 does not distinguish between discovery and evidentiary depositions. Rule 32 is essentially the same as Fed. R. Civ. P. 32, which has been construed to point out that any party, not only the party who took the deposition, may use the deposition of a witness, whether or not a party, for any purpose at the trial or hearing, if the party demonstrates to the court the existence of one of the conditions specified in Rule 32(a)(3). *See Shelter Mut. Ins. Co.* v. *Tucker*, 295 Ark. 260, 748 S.W.2d 136 (1988).

The estate's second point of reversal is its claim that the jury erred in failing to award it any damages. The decedent's daughter-in-law, Virginia Whitney, was the only witness testifying to the funeral expenses and costs incurred in handling the estate, and she testified that $4,000 was expended for Leo's funeral and $4,000 to $5,000 was spent "to keep up" Leo's property. Virginia's husband, Robert, had been the initial representative of the estate but after he died, Edward was appointed the estate's representative. As mentioned previously, the jury awarded Robert $3,000, Edward $2,500, and the estate nothing.

First, we find the abstract is not clear as to what expenses, if any, the estate actually incurred in this case. While it is true that the jury assigned some negligence on Holland's part in Leo's death, the only testimony abstracted concerning damages or expenses is that of Virginia Whitney, as mentioned above.[3] When the estate's counsel stated that he wished to elicit Virginia's testimony to prove Leo's funeral expenses and costs in maintaining Leo's property, Holland objected, stating maintenance costs were not "an item of damage in this case." The trial court allowed Virginia's testimony, but stated it believed probate court was the proper venue for reimbursement of maintenance costs. In allowing Virginia's testimony, the trial court said that it would later consider the jury instructions and the appropriate elements of damages. Those instructions, however, are not abstracted and the only testimony given by Virginia is, "We incurred expenses in the amount of $4,000 for the funeral bill" and "$4,000 to $5,000 for keeping up the property." Virginia's testimony reflects she and other family members paid $8,000 to $9,000 for funeral and maintenance expenses, but nothing in her testimony reflects what the estate was due. As stated above, Robert and Edward received a total of $5,500.

██ Generally, where the primary issue on appeal is the alleged inadequacy of the jury's award, the appellate court will sustain the trial court's denial of a motion for new trial unless

---

[3] While there were fourteen witnesses, the estate abstracted only Moore's and Virginia Whitney's testimonies. We also note that the estate limits its argument to the funeral and maintenance damages discussed in this opinion and never refers to other elements of damages.

there is a clear abuse of discretion. *Garrett* v. *Brown*, 319 Ark. 662, 893 S.W.2d 784 (1995). A jury has the right to believe or disbelieve all or any part of the testimony at trial and is in a superior position to judge the credibility of the witnesses. *Williams* v. *Ingram*, 320 Ark. 615, 899 S.W.2d 454 (1995). This is true even when the testimony is uncontradicted. *See Garrett*, 319 Ark. 662, 893 S.W.2d 784; *Olmstead* v. *Moody*, 311 Ark. 163, 842 S.W.2d 26 (1992).

■ Based upon the record before us, we cannot discern what the jury considered when awarding nothing to the estate. Concerning Leo's funeral expenses and property maintenance costs, perhaps the jury found Robert and Edward had paid them and only they, and not the estate, should have received reimbursement. While other possibilities come to mind, it is sufficient to say that this court has held that it will not engage in speculation on how jury verdicts are reached. *Garrett*, 319 Ark. 662, 893 S.W.2d 784.

Because we find no reversible error, we affirm.