Mrs. Gaines HOUSTON, Trustee, The Pemberton Trust Estate
*v.* William and Mary KNOEDL

96-1531                                947 S.W.2d 745

Supreme Court of Arkansas
Opinion delivered June 16, 1997

*John I. Purtle, P.A.* and *William & Anderson*, by: *Leon Holmes*, for appellant.

*The Henry Law Firm, P.A.*,by: *David P. Henry*, for appellees.

TOM GLAZE, Justice. This case involves a dispute over the ownership of a parcel of land located in Lonoke County. In 1938, the property belonged to John Pemberton, who upon his death, devised it to his wife, Mary. In 1946, Mary Pemberton deeded 14.83 acres of the farm land to Ralph and Mildred Pemberton. Later, upon Ralph's and Mildred's deaths, the farm acreage became the property of their daughter, Mildred Pemberton Crow. In August of 1993, Mildred conveyed 1.6 acres of the 14.83 acreage to William and Mary Knoedl who planned to build their retirement home on it. It is this conveyance that is the focus of the present litigation.

When the Knoedls took possession of the 1.6 acre tract of land, John McRae, a beneficiary of a previously established Pemberton Trust, immediately informed Mr. Knoedl that the 1.6

acre tract belonged to the Trust. The Knoedls' and McRae's disagreement over the disputed property resulted in the Pemberton Trust filing an ejectment action against the Knoedls in the Pulaski County Circuit Court. That action was dismissed on August 26, 1994, because of improper venue. On November 2, 1994, the Trust filed another ejectment action against the Knoedls, but this time in the Lonoke County Circuit Court. The Trust, however, subsequently voluntarily dismissed their second suit without prejudice.

On December 20, 1995, the Knoedls filed suit in the Lonoke County Circuit Court against the trustees of the Pemberton Trust and John McRae (hereinafter the Trust), alleging slander of title, malicious prosecution, and abuse of process, and requesting compensatory and punitive damages. The Trust answered, denying the Knoedls' claims, and counterclaimed, again requesting damages and asking that the trial court declare the Trust the owner of the disputed property.

At a jury trial on July 11, 1996, the trial court directed a verdict in the Knoedls' favor on the Trust's counterclaim, and allowed the Knoedls' case to be submitted to the jury. The jury returned a general verdict in the Knoedls' favor, and awarded them $30,000 in compensatory and $75,000 in punitive damages. After the trial court denied the Trust's motions for judgment notwithstanding the verdict and new trial, the Trust filed this timely appeal.

The Trust presents six points for reversal, but its first three arguments are not preserved. In each of the three arguments, the Trust urges that the Knoedls' evidence was insufficient to prove the Knoedls' allegations of slander of title, malicious prosecution, and abuse of process; consequently, the Trust argues the trial court erred in giving instructions to the jury regarding those causes of action.

First, we note the Trust failed to make a timely objection to the giving of the instructions. In *MIC v. Barrett,* 313 Ark. 527, 855 S.W.2d 329 (1993), this court held that, in order to be timely, objections to jury instructions must be made either before or at the time the instructions are given. The *MIC* court held

that, even though the parties agreed their objections were originally made at an in-chambers hearing before the jury was charged, there was no record of the hearing. The court concluded as follows:

> Since we are not able to ascertain from the record or abstract the specific objections to the remaining instructions made prior to the jury retiring to consider its verdict, these objections will not be addressed.

Like in *MIC*, the Trust here waited to make its objections and record concerning jury instructions until after the trial court gave the instructions and after counsel rendered closing arguments. Our review of the abstract fails to reveal where any hearing took place where the Trust made specific objections to the instructions prior to the jury retiring to consider a verdict.

In addition, we mention, too, that the Trust failed to preserve its instruction arguments because it did not properly move for a directed verdict at the end of the Knoedls' case-in-chief and again at the close of all evidence. Such failure constitutes a waiver. *See* Ark. R. Civ. P. 50(a) and (e). The intent of this rule is to require a party testing the sufficiency of the evidence first to submit the question to the trial court, thereby permitting the court to make a ruling at the conclusion of *all* the evidence, but prior to the verdict, thus, preserving the specific question for appeal. *Willson Safety Products v. Eschenbrenner*, 302 Ark. 228, 788 S.W.2d 729 (1990). Preservation of a sufficiency-of-evidence issue for appeal also requires the party moving for directed verdict to state specific grounds upon which it seeks such relief. *Stroud Crop, Inc. v. Hagler*, 317 Ark. 139, 875 S.W.2d 851 (1994). Here, the Knoedls offered three separate causes of action against the Trust, and even though the trial court cautioned the Trust to be specific when making its directed-verdict motion, the Trust still failed to specify what evidence might have been omitted or elements not proved in each of the Knoedls' three counts.

In its fourth argument, the Trust contends the jury's award of $30,000 in compensatory and $75,000 in punitive damages is excessive and a product of passion and prejudice. This court has stated the standard of review in such matters is that,

when an award is alleged to be excessive, this court reviews the proof and all reasonable inferences most favorably to the appellees and determines whether the verdict is so great as to shock the conscience of this court or demonstrate passion or prejudice on the part of the trier of fact. *Collins v. Hinton*, 327 Ark. 159, 937 S.W.2d 164 (1997). In *McLaughlin v. Cox*, 324 Ark. 361, 922 S.W.2d 327 (1996), this court found that an award of $18,000 in compensatory damages was not excessive where there was evidence of out-of-pocket expenses totalling $13,500. In affirming the award, the *Cox* court noted there was evidence of mental anguish, and the amount of damages growing out of mental anguish is ordinarily left to the determination of the jury.

Here, the Knoedls' evidence supported out-of-pocket expenses totalling $13,720. The Knoedls also presented evidence that, while they were forced to litigate this matter, they suffered stress, stomach problems, marital differences, and sought medical attention and the need of prescription drugs. They further pointed out to the jury, without objection, that the Trust representatives, including John McRae, knew full well that Mildred Crow had deeded the property to the Knoedls, the Trust had no interest in that disputed 1.6 acre tract, and dismissal of all three of their ejectment suits reflected as much. Again, without objection, the Knoedls submitted to the jury that the Trust's actions were malicious and were intended to interfere with the Knoedls' peaceful enjoyment of their property. Significantly, the Trust never attempted to disprove the damages presented by the Knoedls. Based upon these damages submitted by the Knoedls, we cannot say the amount awarded by the jury was excessive.

We need mention that the Trust now complains that the trial court gave no instructions on punitive damages. Nonetheless, the Knoedls properly requested and argued in closing arguments that punitive damages be awarded. The Trust never objected to that argument below, nor objected to the failure to give an instruction on the subject. While the Trust was permitted to argue the excessive award of damages issue, which was preserved by a new-trial motion below, it is barred from arguing a new ground for the first time on appeal for challenging the puni-

tive-damage award. *See Whitney v. Holland Retirement Center, Inc.,* 323 Ark. 16, 912 S.W.2d 427 (1996).

In its fifth argument, the Trust submits the trial court erred in allowing a 1978 survey prepared by Forest Marlar to be introduced into evidence. While the Trust raises several grounds on appeal to support its argument, we limit our inquiry to the ones offered and preserved at trial — that the Knoedls failed to establish an adequate foundation for the survey's introduction, and the Marlar survey had never been recorded. *Whitney,* 323 Ark. 16, 912 S.W.2d 427.

■ Marlar, a registered civil engineer, testified that he physically conducted a survey of the subject property in 1978 and determined its boundaries. He stated he had not recorded the survey because that was not the practice at the time. Having been qualified and shown previously to have established the boundaries of the property now claimed by the Trust, Marlor's testimony was relevant and probative in establishing the description of Mildred Crow's deed of the subject property to the Knoedls.

■ Continuing its fifth point, the Trust also suggests that the trial court erred in excluding deeds of surveyed property that the Trust argued surrounded the Knoedls' tract and showed that Marlar's surveyed, boundary lines did not match. The trial court excluded the proffered deeds because the Trust offered no one to establish the deeds' boundaries or descriptions or to show how such evidence disproved the legal description in the Knoedls' deed. The trial court believed the deeds of neighboring property would be confusing to the jury, since no witness was offered to plat or explain those deeds' relevance. We are unable to conclude the trial court abused its discretion in so ruling.

Finally, the Trust claimed the trial court erred (1) in excluding the testimony of Denzel Roland and (2) in directing a verdict on the Trust's ejectment claim. Roland worked for the Pulaski County Assessor's Office in mapping property ownership for taxation purposes. The Trust urged that Roland's testimony together with a computerized map Roland produced based on the deeds of adjoining property owners would show that Mildred Crow had previously conveyed the land the Knoedls now claim. The Trust

contends on appeal that, by excluding Roland's testimony, it was denied an opportunity to defend the integrity of its property, support its ejectment claim, and defend against the Knoedls' slander-of-title claim.

The trial court denied admission of Roland's testimony, noting that Marlar had previously testified as to the location of the Knoedls' property using their deed and existing boundary markers. The trial court also noted that Roland did not know where the boundary markers were located, and he did not know whether the deeds he used were accurate. The admission and exclusion of expert testimony is a matter which lies within the sound discretion of the trial court. *Firestone Tire & Rubber Co. v. Little*, 276 Ark. 511, 639 S.W.2d 726 (1982). Based on the foregoing, we cannot say the trial court abused its discretion in excluding Roland's testimony.

For the foregoing reasons, we affirm.